**UNITED STATES of America, Appellee,**

v.

**Kenneth SHOUPE, Appellant.**

**No. 92–7204.**

United States Court of Appeals,
Third Circuit.

Argued Nov. 5, 1992.

Decided March 12, 1993.

James J. West, U.S. Atty., Barbara Kosik Whitaker (Argued), Asst. U.S. Atty., Scranton, PA, for appellee.

Melinda C. Ghilardi (Argued), First Asst., Federal Public Defender, Scranton, PA, James V. Wade, Federal Public Defender, M.D. Pa., Harrisburg, PA, for appellant.

Before: BECKER, STAPLETON and LAY,* Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

■ This is the second time we review defendant Kenneth Shoupe's sentence under the Sentencing Guidelines. *See United States v. Shoupe*, 929 F.2d 116, 118–19 (3d Cir.) (*Shoupe I*) (vacating and remanding for resentencing), *cert. denied*, — U.S. —, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991). Here we are asked to decide whether a departure under Guideline § 4A1.3[1] for cases in which the criminal history category "significantly over-represents the seriousness of a defendant's criminal history" is subject to the limitation of 18 U.S.C. § 3553(b) and Guideline § 5K2.0. Section § 3553(b) and Guideline § 5K2.0 provide that departures from the Guidelines sentencing range may be founded only on factors "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b).

We disagree with the district court's conclusion that § 4A1.3 is limited by 18 U.S.C. § 3553(b) and § 5K2.0. The criminal history category departure under § 4A1.3 is specifically provided for in the Guidelines and is, in our view, conceptually distinct from the provision in § 5K2.0 for departures based on factors not accounted for in the Guidelines. We therefore conclude that 18 U.S.C. § 3553(b) and § 5K2.0 have no bearing on § 4A1.3. Since the district court's legal error on this issue tainted the sentencing proceedings, we will vacate and remand for resentencing.

## I.

Shoupe pled guilty to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Based on the probation officer's determination that Shoupe was a career offender, the presentence report (PSI) recommended that he be assigned a base offense level of 32 and a criminal history category of VI. *See* U.S.S.G. § 4B1.1; *Shoupe I*, 929 F.2d at 118–19.[2] With a two-level downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, the PSI gave Shoupe a final offense level of 30. The Guidelines sentencing range for a defendant in criminal history category VI with an offense level of 30 is 168 to 210 months.[3]

* Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. Although § 4A1.3 is a policy statement rather than a guideline, it is an "authoritative guide" to district courts, *see Williams v. United States*, — U.S. —, —, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992); *United States v. Beckham*, 968 F.2d 47, 54 n. 4 (D.C.Cir.1992), and this court has applied it with the authority of a guideline, *see, e.g., United States v. Day*, 969 F.2d 39, 47 (3d Cir.1992); *United States v. Thomas*, 961 F.2d 1110 (3d Cir.1992).

2. Under § 4B1.1, a defendant is a career offender "if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a *crime of violence* or a *controlled* substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Defendants, like Shoupe, who meet this definition are assigned

to criminal history category VI, and are also assigned an enhanced base offense level, depending on the statutory maximum sentence of the offense of conviction. Shoupe's offense of conviction carried a statutory maximum of between 20 and 25 years; accordingly, the PSI gave him an offense level of 32. *See* U.S.S.G. § 4B1.1.

3. The increase in sentence resulting from Shoupe's § 4B1.1 career offender status is substantial. Had Shoupe not met the definition of career offender, his criminal history category would have been V and his base offense level 12, the level assigned to offenses involving less than 25 kilograms of cocaine, *see* U.S.S.G. § 2D1.1(a)(3). With a two-level adjustment for acceptance of responsibility, Shoupe's offense level would have been 10. The Guidelines sentence range for a defendant in criminal history category V with an offense level of 10 is 21 to 27 months, a significant difference from the 168 to 210 month range Shoupe ended up with as a career offender.

The district court agreed with the criminal history category and offense level calculations in the PSI but determined that "strict application of the Guidelines would be irrational" in light of several mitigating factors, including Shoupe's age and immaturity at the time of two of his prior offenses, the short time span between those prior offenses, his cooperation with authorities in the present case, and his family responsibilities. *See Shoupe I*, 929 F.2d at 119. For these reasons, the court departed downwards under § 5K2.0, which allows departure for factors not adequately accounted for in the Guidelines. The court reduced Shoupe's offense level from 30 to 22 and imposed an 84 month sentence, the minimum sentence within the Guidelines range for offense level 22 and criminal history category VI. *See id.*

On appeal by the government, this court vacated Shoupe's sentence and remanded, holding that the mitigating factors relied on by the district court were not proper grounds for a general departure under § 5K2.0 since each of those factors had been adequately taken into account by the Commission in formulating the Guidelines. *Shoupe I*, 929 F.2d 116.[4] In dissent, Judge

Rosenn argued that, although the various factors relied on by the district court may not have been proper grounds for a § 5K2.0 departure, the departure granted by the court should have been understood as a specific Guidelines-authorized departure under § 4A1.3 for cases where the defendant's criminal history category significantly over-represents the seriousness of his criminal history. *See id.* at 121–25 (Rosenn, J., dissenting).

Understandably, the majority in *Shoupe I* did not interpret the district court's 84 month downward departure as having been derived from § 4A1.3: neither the parties nor the district court had mentioned § 4A1.3 at or before sentencing, and the procedure followed by the court to arrive at the 84 month sentence (keeping Shoupe in criminal history category VI but lowering his offense level from 30 to 20) was nothing like the procedure outlined in § 4A1.3. *See* U.S.S.G. § 4A1.3 ("In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable.").[5]

---

4. We held in *Shoupe I* that Shoupe's age and immaturity at the time of some of his prior offenses was not a proper basis for a § 5K2.0 departure because the Commission has provided in policy statement § 5H1.1 that "[a]ge is not ordinarily relevant in determining whether a sentence should be outside the guidelines," and that general departures from the Guidelines based on age are permissible only in extraordinary circumstances. *Shoupe I*, 929 F.2d at 120. Since the district court had not identified any extraordinary factor relating to Shoupe's age, we held that age was not a proper basis for a § 5K2.0 departure. Similarly, we held in *Shoupe I* that the time between Shoupe's prior offenses was not a proper basis for a § 5K2.0 departure because the provisions in Chapter 4 of the Guidelines for calculation of the defendant's criminal history category address time between prior offenses. Thus, this was a factor adequately provided for by the Commission within the Guidelines. *See Shoupe I*, 929 F.2d at 120. This also applies to Shoupe's cooperation with authorities, which is a factor provided for in § 5K1.1 of the Guidelines. *See Shoupe I*, 929 F.2d at 120–21. Finally, since the Commission provided in § 5H1.6 of the Guidelines that family ties and responsibilities "are ordinarily not relevant in determining whether a sentence should be outside the guidelines," U.S.S.G.

§ 5H1.6, we held in *Shoupe I* that Shoupe's family responsibilities, which were not extraordinary, did not justify a general departure from the Guidelines pursuant to § 5K2.0. *Shoupe I*, 929 F.2d at 121.

5. The majority did mention § 4A1.3 in a footnote reading, in part, as follows:

Under the career offender guideline, only those convictions resulting in prison sentences exceeding one year are counted. Sections 4B1.1, 4B1.2 and Application Note 3. If a defendant provided cooperation before sentencing for a prior offense, the sentence imposed for that offense presumably reflects consideration of that cooperation to whatever degree the sentencing court felt was appropriate. If the prior conviction resulted in a sentence of less than one year in light of cooperation, that prior conviction is not counted under the career offender guideline. Conversely, if the prior conviction resulted in a sentence exceeding one year despite cooperation, that prior conviction is counted.... Because this scheme already takes past cooperation into account, departure based on past cooperation is generally not permissible. *But see* Section 4A1.3.

*Shoupe I*, 929 F.2d at 121 n. 3 (emphasis in original). Whatever the majority's intent,

On remand, Shoupe argued that his career offender status, which put him in criminal history category VI, significantly over-represented the seriousness of his criminal history, and that he therefore should be granted a criminal history departure pursuant to § 4A1.3. Some of the factors Shoupe cited in support of a § 4A1.3 departure were the same as the mitigating factors that this court in *Shoupe I* found to be improper grounds for a general departure under § 5K2.0, namely that Shoupe was only eighteen years old when two of the three prior offenses were committed, that those two offenses were committed in quick succession, and that they were committed approximately fourteen years before the sentencing offense. *See supra* n. 4. However, believing that our decision in *Shoupe I* precluded it from considering those factors as a basis for *any* type of departure, the district court concluded that it lacked authority to grant a § 4A1.3 departure.[6]

Accordingly, the court imposed a sentence of 168 months, the minimum sentence within Shoupe's original Guidelines range. Shoupe then brought this appeal pursuant to 18 U.S.C. § 3742(a)(2), which provides for appellate review of a final sentence which was imposed under an allegedly incorrect application of the Sentencing Guidelines.

## II.

Section 5K2.0 of the Guidelines and 18 U.S.C. § 3553(b) provide that the district court may depart from the sentencing range arrived at under the Guidelines if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Section 4A1.3 of the Guidelines provides, in part, that if "reliable information indicates" that "a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes," the district court may grant a "departure" by adjusting the criminal history category down to a more appropriate level. *See* U.S.S.G. § 4A1.3.

Shoupe argues that the district court erroneously superimposed the requirements of 18 U.S.C. § 3553(b) and § 5K2.0—that a departure from the Guidelines range may be based only on factors not accounted for in the Guidelines—onto § 4A1.3. Shoupe contends that because the departure under § 4A1.3 for significant over-representation of the defendant's criminal history is specifically provided for in the Guidelines, it is analytically distinct from general, extra-Guidelines departures under § 5K2.0 and 18 U.S.C. § 3553(b). The government responds that because § 4A1.3 provides for a "departure," the statutory authority for its promulgation must be 18 U.S.C. § 3553(b),

Shoupe may have taken this as a suggestion that § 4A1.3 be applied on remand.

**6.** The district court explained:

[When I imposed the first sentence,] I departed from [the Guidelines sentence range] because I made some findings that based on the defendant's age and immaturity and the short time between the offenses that he committed in the past and some cooperation that he was given credit for and the fact that he had married and had settled down and gained employment, in my mind I felt that such a harsh sentence over-represented the significance of the defendant's past history.

I was reversed on that judgment by a decision of the Circuit Court and they specifically found that the Sentencing Reform Act prohib-

its departure on those grounds. *I'm bound by that finding of the Circuit Court.*

*I may disagree with it* and in this case I think that, perhaps, it's unfortunate that our Circuit finds departure for those reasons is inappropriate, *but I am bound by it just like anybody else is. And I must therefore impose a sentence in conformity with the Guidelines, Mr. Shoupe, on you. And I realize its a very severe sentence.* . . .

While I make a statement now similar to what I made before in saying that *perhaps such a severe sentence and such an application of the Guidelines may over-represent the seriousness of your prior criminal history or prior record,* I don't want to diminish the fact that you did keep yourself in trouble for a long period of time. . . .

(emphasis added).

and that the district court was therefore correct in concluding that it could not consider a § 4A1.3 departure based on the very factors that were found in *Shoupe I* to have been adequately accounted for within the Guidelines. We disagree with the government.

The position and role of § 4A1.3 within the Guidelines sentencing scheme differentiates that provision from extra-Guidelines departure pursuant to § 5K2.0 and 18 U.S.C. § 3553(b). Section 4A1.3 is an integral part of Chapter Four of the Guidelines, which is entitled "Criminal History and Criminal Livelihood" and governs the role of criminal history in the calculation of the Guidelines sentencing range. Chapter Four establishes a system for classifying the severity of a defendant's prior criminal conduct so that recidivism will be fairly and accurately taken into account in calculating the sentence. *See* U.S.S.G. Chapter Four, Part A, *Introductory Commentary* ("To protect the public from further crimes, the likelihood of recidivism and future criminal behavior must be considered."). Under § 4A1.1, "points" for various types of prior criminal conduct are added to determine the defendant's criminal history category (increasing in seriousness from I to VI). Under § 4B1.1, defendants (such as Shoupe) who meet the three-part definition of "career offender" are automatically given the highest criminal history category of VI, even if the cumulation of points under § 4A1.1 would designate a lower criminal history category. *See supra* nn. 2–3.

At the same time, the Commission recognized that, because of the infinite variations of criminal backgrounds, precise calibration of criminal history is impossible.

Section 4A1.3 was incorporated into Chapter 4 to accommodate this reality. As the Fourth Circuit explained:

> "Criminal history" is, relatively, one of the most flexible concepts in the guidelines. While it is possible to classify the severity of current federal offenses with a reasonable degree of precision, mathematically accurate evaluation of the countless permutations of criminal history, involving offenses high and petty committed in numerous jurisdictions, would be at best unwieldy. The Sentencing Commission recognized this difficulty, and though it prescribed a mathematical method to calculate criminal history, it specifically identified overstatement or understatement of the seriousness of the defendant's past conduct as a ground for departure from the raw criminal history score.

*United States v. Adkins*, 937 F.2d 947, 952 (4th Cir.1991).

Thus, in Guidelines § 4A1.3, the Commission specifically provided district courts with flexibility to adjust the criminal history category calculated through the rigid formulae of § 4A1.1 or § 4B1.1 "if reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. Section 4A1.3 is both structurally and in its purpose unlike § 5K2.0 and 18 U.S.C. § 3553(b), which allow district courts to depart from the sentencing range calculated under the Guidelines for mitigating circumstance not adequately considered by the Commission in formulating the Guidelines.[7]

---

**7.** Section 4A1.3 sets out the following procedure for calculating a "departure" for under- or over-representation of criminal history:

> In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a *higher* or *lower* criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most

> closely resembles that of most defendants with Criminal History Category IV, the court should look to the guideline range specified for a defendant with Criminal History Category IV to guide its departure.

U.S.S.G. § 4A1.3. This method of ratcheting or adjusting the defendant's "raw criminal history score," *Adkins*, 937 F.2d at 952, further differentiates the departure in § 4A1.3 from the unguided departure, under § 5K2.0, outside of the sentencing range calculated under the Guidelines. *See United States v. Deutsch*, 987 F.2d 878, 886

We therefore conclude that the statutory authority for the promulgation of § 4A1.3 lies not in 18 U.S.C. § 3553(b), as the government urges, but in the basic provision of the Sentencing Reform Act that gives the Sentencing Commission the authority to promulgate the Guidelines and to take into account, where relevant, the defendant's criminal background. *See* 28 U.S.C. §§ 994(a) & 994(d)(10).[8]

In reaching this conclusion, we recognize that there appears to be some disagreement on this issue among the courts of appeals. Contrary to our conclusion here, the Tenth Circuit has held, with little explanation, that a § 4A1.3 departure is limited by 18 U.S.C. § 3553(b), and is therefore permissible only if based on factors, or a "unique combination of factors," not adequately taken into consideration by the Guidelines. *United States v. Bowser,* 941 F.2d 1019, 1023–25 (10th Cir.1991); *see also United States v. Maldonado–Campos,* 920 F.2d 714, 719 n. 2 (10th Cir.1990) (downward departures based on U.S.S.G. § 4A1.3 are pursuant to 18 U.S.C. § 3553(b)).[9]

On the other hand, the Fourth Circuit, while reading § 4A1.3 as "reserved for the truly unusual case," has held that

the departure authorized by § 4A1.3 for evaluating past criminal conduct is not to be confused with a departure under U.S.S.G. § 5K2.0. . . . Whereas a § 5K2.0 departure is authorized when the court finds that there "exists an aggravating or mitigating circumstance of the kind, or to a degree, not adequately taken into consideration by the Sentencing Commission," 18 U.S.C. § 3553(b), the departure under § 4A1.3 is specifically authorized by the Sentencing Guidelines whenever the computed criminal history "significantly under-represents" or "significantly over-represents" the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.

*United States v. Pinckney,* 938 F.2d 519, 521 (4th Cir.1991); *see also United States v. Deutsch,* 987 F.2d 878, 885–888 (2d Cir. 1993) (distinguishing unguided departure

---

(2d Cir.1993) ("Unlike departures pursuant to section 5K2.0, which the Commission left unguided, departures under section 4A1.3 are more cabined. . . . [Courts are] instructed to use 'as a reference, the guideline range for a defendant with a higher or lower criminal history category.' ").

In *United States v. Kikumura,* 918 F.2d 1084, 1111–14 (3d Cir.1990), we endorsed the ratcheting procedure outlined in § 4A1.3 as a presumptive model for calculating general, unguided departures under § 5K2.0. *Kikumura*'s comparison between § 4A1.3 and § 5K2.0, however, does not conflict with our conclusion here that the criminal history departure in § 4A1.3 is analytically distinct from the § 5K2.0 departure. Given the limited compass of § 4A1.3's criminal history adjustment, in contrast to § 5K2.0, where the court has much greater leeway over the extent of the departure, we believe that the departure in § 4A1.3 is distinguishable from departure under § 5K2.0. *See Deutsch, supra.* More importantly, as we emphasize throughout, § 4A1.3 departure is specifically provided for within the Guidelines, and therefore it makes no sense to treat § 4A1.3 as a departure for factors not accounted for in the Guidelines. Indeed, had the Commission labeled § 4A1.3 a criminal history category "adjustment," rather than a "departure," the issue before us would most likely never have arisen, for courts would not have thought to superimpose onto § 4A1.3 the requirement of § 5K2.0 and 18 U.S.C. § 3553(b) that general departures outside of the Guidelines range may be based only on factors not accounted for in the Guidelines.

**8.** Under 28 U.S.C. § 994(a), the Commission is given the general authority to promulgate guidelines and policy statements "for use of a sentencing court in determining the sentence to be imposed in a criminal case," 28 U.S.C. § 994(a)(1). Under § 994(d), the Commission is further instructed to take into account, in formulating the guidelines and policy statements, a number of factors, including the defendant's criminal history. 28 U.S.C. § 994(d)(10).

**9.** The Supreme Court has suggested in dicta, and without explanation, that a § 4A1.3 "departure" is pursuant to 18 U.S.C. § 3553(b). *See Williams v. United States,* — U.S. —, —, 112 S.Ct. 1112, 1117, 117 L.Ed.2d 341 (1992). We recognize too that prior decisions in this circuit may have suggested, without actually deciding, that § 4A1.3 departures may be limited by the requirements of 18 U.S.C. § 3553(b). *See, e.g., United States v. Thomas,* 961 F.2d 1110 (3d Cir.1992). However, these cases did not face the issue we face here, and the courts therefore had no occasion to analyze the relevant provisions. Hence their pronouncements are non-binding.

under § 5K2.0 from criminal history category departure under § 4A1.3).

In our view, the Fourth Circuit has adopted the correct approach, and we elect to follow it. We hold that as the plain language of § 4A1.3 provides, a district court considering a § 4A1.3 departure may weigh "reliable information [that] indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes," U.S.S.G. § 4A1.3, including factors which the Commission may have otherwise considered in promulgating other provisions of the Guidelines.[10] In so holding, we emphasize that a downward departure under § 4A1.3 is only justified in cases where a defendant's criminal history category *"significantly* over-represents" the seriousness of defendant's past conduct and future threat to society. *See* U.S.S.G. § 4A1.3; *United States v. Beckham,* 968 F.2d 47, 55 (D.C.Cir.1992).

### III.

In light of the foregoing analysis, we conclude that the district court erroneously refused to consider a § 4A1.3 departure given the court's professed belief that Shoupe's Guidelines sentencing range "may over-represent the seriousness of [Shoupe's] prior criminal history," *see supra* n. 6. The factors urged by Shoupe at his resentencing in support of a § 4A1.3 departure—his age and immaturity at the time of two of his prior criminal offenses, the closeness in time between those two offenses, and the fact that those offenses occurred nearly fifteen years before the instant offense—may be pertinent to whether Shoupe's career offender status "significantly over-represents the seriousness of [his] criminal history or the likeli-

hood that [he] will commit further crimes." U.S.S.G. § 4A1.3.

Other circuits, including those that have found § 4A1.3 to be limited by 18 U.S.C. § 3553(b), have generally considered these factors to be relevant to the § 4A1.3 inquiry. *See, e.g., United States v. Brown,* 985 F.2d 478, 482 (9th Cir.1993) (age at time of prior convictions and nature of those convictions are proper factors to consider in determining whether career offender status significantly over-represents seriousness of defendant's criminal history); *United States v. Bowser,* 941 F.2d 1019, 1024 (10th Cir.1991) (age and close proximity in time between prior criminal acts may be germane to whether the career offender category is appropriately applied to a defendant); *United States v. Smith,* 909 F.2d 1164, 1169 (8th Cir.1990) (length and scope of defendant's criminal career, including age of defendant at time of prior offenses and time between prior offenses, is relevant to decision whether to depart from criminal history category), *cert. denied,* 498 U.S. 1032, 111 S.Ct. 691, 112 L.Ed.2d 682 (1991); *United States v. Brown,* 903 F.2d 540, 544 (8th Cir.1990) (although age is not a factor warranting a general departure under § 5K2.0, it may be considered in determining whether, under § 4A1.3, criminal history category overemphasized severity of defendant's criminal history).

Because the district court erred in refusing to consider the factors urged by Shoupe on remand as grounds for a § 4A1.3 departure, we will vacate the judgment and remand for further sentencing proceedings consistent with this opinion.[11]

---

**10.** Of course, a factor specified *within* § 4A1.3 as an improper basis for application of that provision, such as the defendant's prior arrest record, may not be considered. *See* U.S.S.G. § 4A1.3.

**11.** The government argues forcefully that Shoupe is not eligible for a § 4A1.3 criminal

history departure because, in spite of the factors urged by Shoupe, his criminal history category does not significantly over-represent the seriousness of his prior offenses in view of his early armed robbery conviction and two fairly recent controlled substance offenses. We express no

view on this question, leaving it to the district court.