21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Yvonne GORDON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shon MATTHEWS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Rozana Renia SCOTT, Defendant-Appellee.
 Nos. 92-5858, 92-5868, 93-5040.
 United States Court of Appeals, Fourth Circuit.
 Argued February 10, 1994.
Decided April 15, 1994.
As Amended April 19, 1994.
 
 Appeals from the United States District Court for the Southern District of West Virginia at Huntington. Robert J. Staker, District Judge. (CR-92-188-3)
 Hunt Lee Charach, Federal Public Defender, Charleston, West Virginia, for Appellant Gordon.
 Donald Ray Jarrell, Wayne, West Virginia, for Appellant Matthews.
 Paul Thomas Farrell, Assistant United States Attorney, Huntington, West Virginia, for Appellee United States.
 Gene W. Gardner, Gardner & Cyrus, Huntington, West Virginia, for Appellee Scott.
 George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant Gordon.
 Michael W. Carey, United States Attorney, Huntington, West Virginia, for Appellee United States.
 S.D.W.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HAMILTON and LUTTIG, Circuit Judges, and WILSON U.S. District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants Yvonne Gordon and Shon Matthews, and cross-appellee Rozana Renia Scott all pleaded guilty to conspiring to distribute and possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. Sec. 846, and now challenge their sentences. We address below Gordon's challenge to the district court's refusal to grant a three-level decrease in her offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 and the government's cross appeal of the district court's departure downwards from the Sentencing Guidelines in sentencing Scott.[1] Concluding that the district court erred as to both, we vacate Gordon's and Scott's sentences and remand their cases for resentencing.
 
 I.
 
 2
 Defendants Gordon, Matthews and Scott were members of a crack cocaine distribution ring and frequently traveled from Detroit, Michigan, to Huntington, West Virginia, in order to peddle their cocaine. Their conspiracy was discovered by federal agents during one such trip in the summer of 1992.
 
 
 3
 Acting on a tip that drugs were being sold out of a private residence in Huntington, West Virginia, members of the Federal Drug Task Force there traced the suspected drug traffickers to a Holiday Inn located in Huntington. The agents soon apprehended Matthews and Scott attempting to exit the building through a back door. 57.4 grams of crack cocaine were found hidden in Scott's clothing, and $2,900 in cash was found on Matthews. The agents subsequently searched the room that had been rented under Scott's name and found a red bag containing a .380 caliber firearm. A short time later Gordon appeared at the hotel and was arrested.
 
 
 4
 All three admitted participating in the drug conspiracy and ultimately pleaded guilty to one count of conspiring to distribute and possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. Sec. 846. Gordon was sentenced to imprisonment for 97 months and a fine and assessment totalling $3,050.00; Matthews received 108 months and a fine and assessment in the amount of $3,050.00; and Scott received a sentence of 50 months and $1,050.00 in fine and assessment costs. Each of the defendants appeals their sentence.
 
 II.
 A.
 
 5
 At sentencing, the district court decreased Gordon's offense level by two levels under U.S.S.G. Sec. 3E1.1(a) for acceptance of responsibility, but denied her an additional one-level decrease under Sec. 3E1.1(b) for timely providing complete information or timely notifying authorities of her intention to enter a plea of guilty. Gordon argues on appeal that the court erred in denying her a third level of reduction. We agree.
 
 
 6
 Section 3E1.1, the Acceptance of Responsibility provision in the Sentencing Guidelines, provides as follows:
 
 
 7
 (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
 
 
 8
 (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 
 
 9
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 10
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,
 
 
 11
 decrease the offense level by 1 additional level.
 
 
 12
 Here, Gordon initially admitted to one of the arresting Task Force Agents that she had sold two rocks of crack cocaine in the several days prior to being arrested, J.A. at 307, but, when subsequently interviewed by the probation officer, adamantly denied ever having sold cocaine or having acted as a conduit to a cocaine sale. Id. at 211. Gordon admitted at sentencing that her statement to the probation officer was a lie. Id. at 157. Finding that Gordon's initial confession to the arresting agent constituted a voluntary and truthful admission, the district court granted Gordon the two-level reduction under section 3E1.1(a), but refused, because Gordon lied to the probation officer, to grant the additional one-level reduction under section 3E1.1(b). Id. at 231.
 
 
 13
 The district court misapplied the two-step acceptance of responsibility analysis required by section 3E1.1. As an initial matter, Gordon was not entitled to the two-level reduction in sub-section (a), whether or not she had previously made any confession to an arresting agent, given her admission and the court's finding that she lied to the probation officer. See U.S.S.G. Sec. 3E1.1 Application Note 1 (defendant "who falsely denies ... relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility"). The government does not argue, however, that it was error for the district to find that Gordon accepted responsibility within the meaning of section 3E1.1(a), and we therefore do not disturb the court's grant of the two-level decrease under that provision.[2]
 
 
 14
 However, once the court did grant Gordon the sub-section (a) decrease, it was error to deny her the additional one-level decrease under sub-section (b) solely on the grounds that she "did not shoot straight" with the probation officer. J.A. at 231-32. The only question relevant to the decision whether to grant Gordon the additional one-level decrease, given that the court had granted her the two-level decrease under sub-section (a) and that her initial offense level was 32, is whether she had either timely provided information to the government or timely notified the government of her intention to plead guilty. That Gordon lied to the probation officer may be relevant to whether she timely provided complete information under section 3E1.1(b)(1); it has no relevance, however, to the question whether she timely notified authorities of her intention to plead guilty under section 3E1.1(b)(2), which hinges only on whether the defendant has notified authorities of her intention to plead at a "sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." U.S.S.G. Sec. 3E1.1, Application Note 6 (1992); United States v. Tello, 9 F.3d 1119, 1123-39 (5th Cir.1993) (where plea is timely, defendant entitled to three-level reduction notwithstanding lying to probation officer). As the government concedes, see J.A. at 174, Gordon did at some point notify the government of her intent to plead guilty, and ultimately entered her plea only 78 days after the indictment was handed down. Although it is unclear from the record exactly when Gordon informed the government of her intention to plead guilty, the government has not suggested that her notification of intent to plead was untimely in any way, let alone that it was delayed to such an extent that it forced the government to prepare for trial or hindered the court in scheduling its calendar. Given the relative alacrity of Gordon's actual plea, and the absence of any indication in the record that her decision to make that plea was communicated to authorities in an untimely fashion, Gordon was entitled to the one-level reduction under section 3E1.1(b)(2).
 
 
 15
 The case is remanded to the district court with instructions that it resentence Gordon after granting her a third level of reduction in her base offense level under section 3E1.1(b)(2).
 
 B.
 
 16
 Defendant Scott's base offense level was determined to be 32. The district court granted her a three-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1 and an additional two-level reduction for minor participation under section 3B1.2(b), leaving her with an offense level of 27 and a resulting sentencing range of 70-87 months. The district court, however, imposed a sentence of 50 months. The government charges that the court's downward departure from the sentencing range prescribed by the Guidelines cannot be justified. We agree.
 
 
 17
 In sentencing Scott below the range specified under the Guidelines, the district court apparently focused on the fact that she was only 19 at the time she committed the offense, and had been "gulled into" distributing drugs by Matthews, her boyfriend, who was 25. Neither of these rationales justify a sentence below the applicable Guidelines range.
 
 
 18
 The Guidelines specify that "age (including youth ) is not ordinarily relevant in determining whether a sentence should be outside the applicable guidelines range." U.S.S.G. Sec. 5H1.1 (p.s.) (emphasis added). Because there is nothing extraordinary about the fact that Scott was 19 when she committed the offense, her youth was not a proper grounds for the district court's downward departure. See United States v. Summers, 893 F.2d 63, 69 (4th Cir.1990) (nothing extraordinary about defendant's age of 23 years); United States v. Shoupe, 929 F.2d 116, 120 (3d Cir.) (18 years), cert. denied, 112 S.Ct. 382 (1991), appeal after remand, 988 F.2d 440 (1993).
 
 
 19
 The Guidelines do allow that coercion and duress may be a grounds for a downward departure, but only when such coercion or duress "involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency." U.S.S.G.Sec. 5K2.12. The district court's finding that Scott was "gulled into" her boyfriend's cocaine conspiracy does not constitute a finding of coercion within the meaning of section 5K2.12, and therefore cannot justify the district court's downward departure from the Guidelines in sentencing Scott.
 
 
 20
 Because neither Scott's age nor the court's finding that she only became involved in the conspiracy as a result of her boyfriend's enticement warrant the court's departure from the Guidelines, we vacate Scott's sentence with instructions that she be resentenced within the sentencing range prescribed by the Guidelines.
 
 III.
 
 21
 For the reasons stated herein, the sentences imposed by the district court on defendants Gordon and Scott are vacated and the case is remanded for resentencing of those two defendants, and defendant Matthews' sentence is affirmed.
 
 
 22
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 In addition, Gordon contends that the district court erred in refusing to grant a downward adjustment for minimal participation and in imposing a fine and assessment totalling $3,050.00, and defendant Matthews challenges the district court's two-level enhancement of his offense level under U.S.S.G. Sec. 2D1.1(b)(1) for possession of a firearm during the commission of the offense. We have carefully considered these contentions, and conclude that they are without merit
 
 
 [2]
 The government argues only that "the district court would have been completely justified in denying defendant Gordon any reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1." Br. at 13