**UNITED STATES of America**

v.

**Alberto HERNANDEZ, a/k/a Alberto Lopez, Defendant.**

**No. CRIM. A. 99–362.**

United States District Court, E.D. Pennsylvania.

March 7, 2000.

Terri A. Marinari, U.S. Attorney's Office, Philadelphia, PA, for U.S.

Michael N. Huff, Philadelphia, PA, for Defendant.

### MEMORANDUM AND ORDER

KATZ, Senior District Judge.

Following the denial of his motion to suppress physical evidence, defendant Alberto Hernandez pled guilty before this court to possession with intent to distribute cocaine and possession with intent to distribute marijuana, both of which are violations of 21 U.S.C. § 841(a)(1); carrying a firearm in relation to a drug offense in violation of 18 U.S.C. § 924(c); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Mr. Hernandez now brings a motion for downward departure.

### I. Background

The details surrounding Mr. Hernandez's arrest are set forth more fully in the court's Memorandum and Order denying his motion to suppress. *See* Mem. and Order of Nov. 22, 1999. On April 27, 1999, the police searched Mr. Hernandez's place of employment, Ace Custom Signs, after obtaining voluntary consent from the owner. After the police discovered cocaine, Mr. Hernandez admitted ownership of the drugs and showed the police where marijuana was also stored on the premises. The police recovered a handgun from Mr. Hernandez's person during a search incident to his arrest. The police also found additional drugs and two other firearms in their search of Ace Custom Signs.

### II. Discussion

For his violation of 18 U.S.C. § 922(g), Mr. Hernandez faces a fifteen year minimum sentence mandated by 18 U.S.C. § 924(e) due to his three prior serious drug offense convictions. He also faces a mandatory five year consecutive sentence under 18 U.S.C. § 924(c). The government and the Probation Office calculate his offense level under the Sentencing Guidelines as 32[1] and his criminal history category as VI, *see* Gov't Sent. Mem. at 3; Presentence Investigation Report (PSI) at ¶¶ 29, 35–36, which would result in a sentencing range of 210 to 262 months, plus 60 months. While the defendant does not challenge the factual findings of the PSI, he raises the following seven grounds for

---

1. Because Mr. Hernandez is an armed career offender by virtue of the application of 18 U.S.C. § 924(e), his base offense level is 34, *see* U.S.S.G. § 4B1.4(b)(3)(A), which is de- creased by two levels due to his acceptance of responsibility under section 3E1.1. *See* Gov't Sent. Mem. at 3; PSI at ¶¶ 28–29.

challenging the calculation of his sentence by the Probation Office and the government: (1) he qualifies for a safety valve pursuant to 18 U.S.C. § 3553(f) and thus is not subject to the applicable statutory mandatory minimum; (2) his criminal history category over-represents the seriousness of his criminal history; (3) he was a minimal participant; (4) his acceptance of responsibility merits a departure; (5) he suffers from diabetes, asthma, and high blood pressure, thus warranting a departure; (6) he was addicted to drugs when he committed the instance offenses; (7) his background and character warrant a departure.

### A. Relief Under 18 U.S.C. § 3553(f)

■ Mr. Hernandez submits that he is eligible for a sentence below the statutory mandatory minimum in accordance with 18 U.S.C. § 3553(f). In order to be eligible for this safety valve, the defendant may not have more than one criminal history point and may not have possessed a firearm in connection with the offenses for which he is sentenced. *See* 18 U.S.C. § 3553(f)(1), (2). Mr. Hernandez has nine criminal history points, *see* PSI ¶ 35, and pled guilty to violations of two firearm possession offenses, and therefore the relief afforded by section 3553(f) is not available to him.

### B. Criminal History

Mr. Hernandez argues that the court should depart from the applicable sentencing range because his criminal history category overstates the seriousness of his past criminal conduct. *See* U.S.S.G. § 4A1.3 (policy statement) (authorizing departure when a defendant's criminal history category "significantly over-represents the seriousness of a defendant's criminal history category or the likelihood that the

defendant will commit further crimes"); *see also United States v. Shoupe,* 988 F.2d 440, 446–47 (3d Cir.1993) (holding that a court may depart downward from the applicable Guideline range under section 4A1.3). Specifically, Mr. Hernandez contends that the three felony drug offenses identified in the PSI were all part a common plan or scheme.

■ The Guidelines specifically mandate that offenses separated by an intervening arrest are to be considered separately when calculating criminal history. *See* U.S.S.G. § 4A1.2(2); *id.* cmt. 2. Here, while the defendant's offenses were consolidated for trial and he pled guilty and was sentenced for the three offenses on the same date, the arrests occurred on separate dates. *See* PSI ¶¶ 32–34. Moreover, even accepting Mr. Hernandez's contention that the offenses were part of a common plan, the court finds that because the defendant was arrested on three separate occasions, with an intervening period of several months between each arrest, his criminal history is not significantly over-represented by considering the three offenses separately for the purpose of his criminal history category.[2]

### C. Minimal Participation

■ Mr. Hernandez's argument regarding his minimal participation is without merit. He contends that the investigation that led to his arrest targeted other individuals with greater involvement and culpability. In awarding an adjustment for a defendant's role in the offense, the Guidelines allow a court to consider the culpability of persons who are criminally responsible for the commission of an offense but who have not been convicted. *See* U.S.S.G. § 3B1.1 cmt. 1; *see also*

---

**2.** The three offenses affect Mr. Hernandez's Guideline range not in terms of the criminal history points they generate but because he is an armed career criminal under U.S.S.G. § 4B1.4(a) by virtue of the fact that these three prior serious drug offenses mandate the imposition of the sentence enhancement of 18 U.S.C. § 924(e). *See* U.S.S.G. § 4B1.4 (a) ("A

defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."). Section 4B1.4 dictates that, as an armed career criminal, Mr. Hernandez receive a criminal history category of VI since he possessed the firearm in connection with a controlled substance offense. *See id.* § 4B1.4(c)(2).

*United States v. Bierley*, 922 F.2d 1061, 1065 (3d Cir.1990) (recognizing that where there are other persons who are criminally responsible for the offense who have not been apprehended or have not been charged due to cooperation, a sole defendant may be eligible for an upward or downward adjustment for role in the offense). In addition, where the offense level grossly overstates a defendant's actual role in an offense, a court may depart downward even beyond the four-level downward adjustment allowed by section 3B1.2. *See United States v. Stuart*, 22 F.3d 76, 83 (3d Cir.1994). However, no other individuals have even been identified in connection with these offenses and the court is simply unable to assess Mr. Hernandez's relative culpability without any information regarding the roles these other individuals played. The court has no basis for finding that Mr. Hernandez merits a role adjustment under section 3B1.2, let alone any additional departure.

### D. Acceptance of Responsibility

■ The court finds that Mr. Hernandez timely provided complete information to the government concerning his own involvement in the offense and will grant Mr. Hernandez a one-level reduction in his offense level under section 3E1.1(b)(1), thus reducing his total offense level to 31. However, the court finds does not find any basis for a further departure due to Mr. Hernandez's acceptance of responsibility.

### E. Remaining Grounds for Departure Under Section 5K2.0

■ The court understands Mr. Hernandez's remaining grounds for departure to be made under U.S.S.G. 5K2.0. A court has discretion to depart from the Sentencing Guidelines under section 5K2.0 if it finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration" by the Guidelines. *See* 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. Before a departure is permitted, the court must find that aspects of the case are "unusual enough for it to fall outside the heartland

of cases in the Guideline." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *see also United States v. Sally*, 116 F.3d 76, 78–79 (3d Cir.1997). Certain factors are always forbidden as bases for departure. *See United States v. Iannone*, 184 F.3d 214, 226 (3d Cir.1999). Where a factor is a discouraged basis, the court should only depart if the factor is "present to an exceptional degree or in some other way makes the case different from the ordinary case in which the factor is present." *Id.* If the factor is not mentioned, the court may depart if the factor "'is sufficient to take the case out of the Guideline's heartland.'" *Id.* (quoting *Koon*, 518 U.S. at 95–96, 116 S.Ct. 2035).

### 1. Ill Health

■ Mr. Hernandez's diabetes, asthma, and high blood pressure do not render his health so extraordinarily poor to allow the court to depart. The Sentencing Guidelines provide that physical condition is a factor that is "not ordinarily relevant" in determining whether the sentence should be outside the applicable guideline range. U.S.S.G. § 5H1.4; *see also Iannone*, 184 F.3d at 227 n. 10 (noting that physical condition is a discouraged basis for departure). "However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." U.S.S.G. § 5H1.4. If the Bureau of Prisons can adequately provide for a defendant's health care needs, courts have been reluctant to grant departures on the basis of ill health. *See, e.g., United States v. LeBlanc*, 24 F.3d 340, 348–49 (1st Cir. 1994) (holding no departure warranted for a defendant who suffered from coronary artery disease requiring ongoing medical care where there was no showing that his life would be shortened by virtue of incarceration or that the Bureau of Prisons would be unable to accommodate him). Mr. Hernandez has not submitted any medical documentation regarding his condition, and there is no indication that his diabetes, asthma, and high blood pressure are so debilitating that the Bureau of Pris-

ons will not be able to care for him adequately or that his condition is otherwise so extraordinary that it warrants a departure. These ailments, singularly or in combination, do not give the court discretion to depart.

## 2. Drug Addiction

Mr. Hernandez argues that the court may consider a departure due to his addiction to cocaine and heroin at the time he committed the instant offenses. Section 5H1.4 specifically precludes departing below the range mandated by the Guidelines for drug or alcohol dependence. *See* U.S.S.G. § 5H1.4; *see also Iannone,* 184 F.3d at 226, 226 n. 8 (identifying drug or alcohol dependence or abuse as a factor that a court may never consider as a basis for departure). Thus, the court will not depart on this basis.

## 3. Background and Character

Finally, the court will not depart due to Mr. Hernandez's background and circumstances. The defendant argues that his difficult childhood, including his mother's mental illness that rendered her incapable of caring for him, his history of employment, and his financial support of his children provide a basis for this court to depart. All these factors are discouraged bases for departure. *See* U.S.S.G. §§ 5H1.5 (employment); § 5H1.6 (family ties and responsibilities); § 5H1.12 (lack of guidance). The court finds that Mr. Hernandez's childhood and his work history are not so extraordinary as to remove him from the heartland of cases contemplated by the Guidelines. Nor do his family circumstances provide a basis for departure. A defendant must demonstrate that his or her incarceration would have an extraordinary impact on family members in order for a court to grant a departure. *See, e.g., United States v. Gaskill,* 991 F.2d 82, 86 (3d Cir.1993) (finding that extraordinary family circumstance existed because defendant was the sole caretaker of his mentally ill wife). Here, while Mr. Hernandez has provided financial support for his children, he has not shown that their mothers will be unable to care adequately for them without his assistance. A departure is not warranted due to the impact of his incarceration on Mr. Hernandez's family.

## III. Conclusion

The court will award Mr. Hernandez a one-level departure from his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2). His motion is otherwise denied.

An appropriate order follows.

### *ORDER*

**AND NOW,** this 7th day of March, 2000, upon consideration of defendant's motion for downward departure, the response thereto, and after a hearing, it is hereby **ORDERED** that:

1. The downward adjustment in paragraph 28 of Presentence Investigation Report (PSI) for acceptance of responsibility shall be three offense levels, rather than two offense levels. The total offense level in paragraph 29 shall be thirty-one (31).

2. The motion is otherwise **DENIED.**