

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2008

# USA v. Bonner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Bonner" (2008). *2008 Decisions.* Paper 191.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/191

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3763
_____

UNITED STATES OF AMERICA

v.

JERMANE E. BONNER,
                    Appellant

_

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cr-00046-1)
District Judge: Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2008

Before: SCIRICA, *Chief Judge*, FUENTES and HARDIMAN , *Circuit Judges*.

(Filed: November 26, 2008)

_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

Jermane Bonner appeals his 180-month sentence following a guilty plea. We will affirm in part and remand in part.

## I.

Because we write exclusively for the parties, we recount only those facts necessary to our decision.

Bonner pleaded guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). The presentence investigation report (PSR) classified Bonner as a career offender based upon prior convictions for third degree murder, two counts of aggravated assault, and two counts of reckless endangerment. *See* United States Sentencing Guidelines Manual (USSG) § 4B1.1. This resulted in a total offense level of 34, a criminal history category of VI, and an advisory Guidelines range of 262 to 327 months.

Bonner objected to the PSR and moved for a downward departure based on an overstatement of his criminal history under *United States v. Shoupe*, 988 F.2d 440 (3d Cir. 1993). He also sought a variance under 18 U.S.C. § 3553(a) based on the Guidelines' 100:1 powder-to-crack ratio. Finding that he was more akin to a low-level dealer than a drug kingpin, the District Court granted Bonner a substantial downward variance and imposed a sentence of 180 months imprisonment.

## II.

We exercise appellate jurisdiction over Bonner's claims of sentencing error under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006). We review Bonner's sentence for reasonableness. *See United States v. Sevilla*, No. 07-1105, 2008 WL 4069453, at *2-3 (3d Cir. Sept. 4, 2008).

A.

Bonner first argues that the District Court erred by failing to follow the three-step procedure outlined in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). Although Bonner was sentenced nearly a year before we decided *Gunter*, the District Court followed appropriate procedures in imposing Bonner's sentence.

First, it is undisputed that the District Court accurately calculated Bonner's advisory Guidelines range (*Gunter* step one). 462 F.3d at 247. Second, the District Court ruled on Bonner's motion for downward departure pursuant to USSG § 4A1.3 when it rejected his argument that his criminal history was overstated (*Gunter* step two).[1] *Id.* The District Court noted that Bonner violated the law repeatedly and committed the offense in question while on state parole. The District Court also reasoned that any reduction in Bonner's criminal activity as an adult could be attributed to the fact that he had been incarcerated for nine of fifteen years since reaching the age of majority. Finally, the District Court considered Bonner's request for a variance in methodical detail (*Gunter*

---

[1] Although not challenged on appeal, it is clear that the District Court properly denied Bonner's motion for a downward departure because he is a career offender.

3

step 3).  In addressing almost all of the § 3553(a) factors, the District Court reviewed:  the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need for the sentence imposed to protect the public from further crimes of the defendant; the need for the sentence imposed to provide the defendant with needed educational and vocational training; the kinds of sentences available; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  *See* 18 U.S.C. § 3553(a).

With regard to the last factor, the Court acknowledged that if Bonner were sentenced within his Guidelines range, it would create a disparity in sentencing.  The Court explained that the "harsh sentences" called for by the Guidelines were intended by the Sentencing Commission to apply to major drug dealers, not low level dealers like Bonner.  Accordingly, the District Court granted Bonner's request for a variance and imposed a sentence of 180 months, 82 months below the bottom of his Guidelines range.

## B.

Despite the District Court's substantial downward variance, Bonner claims that the Court erred by failing to consider the 100:1 crack-to-powder ratio that was recently addressed by the Supreme Court in *Kimbrough v. United States*, 128 S. Ct. 558, 563

(2007). Although the District Court's substantial downward departure may have been influenced by concerns over the crack/powder disparity at the time Bonner's sentence was imposed, we will vacate the judgment and remand the case in order to give the District Court the opportunity to resentence Bonner in light of *Kimbrough*.

In doing so, it is important to note that Bonner's Guidelines range was correctly calculated based on his career offender status, not by his possession with intent to distribute crack cocaine. The range of 262 to 327 months was calculated under the career offender section of the Guidelines, USSG § 4B1.1, not under USSG § 2D1.1(c), which concerns drug quantities. However, the Government acknowledges that if Bonner had been guilty of an offense involving powder cocaine instead of crack cocaine, he would have been in a different Guidelines range, even if he were still considered a career offender. The Government argues that since Bonner's final sentence was below the bottom end of where his Guidelines range would have been had he been found to be a career offender in possession of powder cocaine, no *Kimbrough* remand is necessary. We disagree.

The Government argues that the trial judge granted this substantial variance under § 3353(a) because of the reasons articulated in *Kimbrough*, specifically the crack/powder disparity. We are not so sure. The Court noted that the "harsh sentences" called for by the Guidelines were intended by the Sentencing Commission to apply to major drug dealers, not low-level dealers, and acknowledged that a disparity would result if Bonner

5

were sentenced within the Guidelines. This may have been a signal that the District Court took the crack/powder disparity into account, but the record is unclear on this point.

We recognize that the District Court granted a substantial downward variance. It is possible that inherent in this substantial downward variance was a concern over the crack/powder disparity. However, because that reasoning was not explicit, we will remand in order to give the District Court the opportunity to take account of *Kimbrough* and Amendment 706 to the Sentencing Guidelines. The District Court may exercise its discretion to impose the same sentence, or a lesser sentence, subject to our review for procedural and substantive reasonableness.

### III.

We note that although Bonner was sentenced before our ruling in *Gunter*, the District Court very capably anticipated the substance of that precedent and sentenced Bonner in conformance therewith. For the reasons stated herein, however, we will vacate the judgment of the District Court and remand for a new sentencing hearing consistent with this opinion.