

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2002

# USA v. Tate

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3625

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Tate" (2002). *2002 Decisions.* Paper 422.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/422

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 01-3625
_____

UNITED STATES OF AMERICA

v.

ERIC DARNELL TATE,
a/k/a ET

Erick Darnell Tate,


Appellant


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00014E)
District Judge: Honorable Sean J. McLaughlin



Submitted Under Third Circuit LAR 34.1(a)
on May 2, 2002

Before: ROTH and STAPLETON, Circuit Judges
POLLAK*, District Judge

(Opinion filed:   July 19, 2002 )


    * Honorable Louis H. Pollak, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation




O P I N I O N



ROTH, Circuit Judge:
    Appellant Eric Darnell Tate appeals the September 18, 2001 Judgment of the
United States District Court for the Western District of Pennsylvania that sentenced him
to 188 months imprisonment followed by five years of supervised release.  Specifically,
Tate argues that the District Court erred by refusing to make a downward departure to his
sentence.  We will dismiss Tate's appeal in part and otherwise affirm the judgment of the
District Court.
    On June 12, 2001, Tate pled guilty to one of two counts of distributing five or
more grams of cocaine base, in violation of 21 U.S.C. section 841(b)(1)(B)(iii).  For
sentencing purposes, the District Court considered Tate a "career offender" because he
had two prior felony convictions, including one "crime of violence" and one "controlled
substance offense."  See United States Sentencing Commission, Guidelines Manual

4B1.1 (2001) (hereinafter "U.S.S.G.").  In accordance with U.S.S.G. section 4B1.1, the District Court sentenced Tate to a more lengthy sentence than it would have had Tate not been considered a career offender.

As suggested above, however, Tate does not challenge the District Court's conclusion that he qualifies as a career offender under U.S.S.G. section 4B1.1.  Rather, he makes two arguments that the District Court erred in declining to depart downward from the sentence prescribed by the career offender provision.  First, Tate invites us to review anew the merits of his plea for a downward departure, arguing that the predicate offenses on which his career offender status is based overstate his criminal history and likelihood of recidivism.  Tate's second argument concerns a police report written in connection with his 1994 aggravated assault conviction - one of the two predicate felony convictions on which his career offender status is based.  In this second argument, Tate contends that the District Court erred by considering an unproven allegation made in the report that Tate possessed drugs at the time of the assault.

We must dismiss Tate's first argument for want of appellate jurisdiction.  "We lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted."  United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996).  The transcript of Tate's sentencing hearing makes clear that the District Court was aware of its authority to grant a downward departure.  See Appendix at 20a.  Indeed, the District Court explicitly referenced the sources of this authority.  See id. (citing United States v. Shoupe, 35 F.3d 835, 836 (3d Cir. 1994) (acknowledging authority of district court to make a downward departure from Section 4B1.1 guidelines where defendant's criminal offender status overstates his criminal history and likelihood of recidivism) and U.S.S.G.  4A1.3 (policy statement authorizing such departures)).  Therefore, we cannot review anew the merits of the District Court's decision.

While we can address Tate's second argument since it alleges legal error, we find the argument to be without merit.  The District Court properly considered the police report's allegation of drug possession, notwithstanding the fact that Tate was neither charged with nor convicted of this criminal conduct.  Section 4A1.3(e) of the Guidelines specifically allows the district courts to consider uncharged prior criminal conduct of a similar nature in making departure determinations.  See U.S.S.G.  4A1.3(e).

Moreover, Tate's second objection must also fail to the extent that it challenges the admissibility of the drug possession allegation as hearsay.  Subject to certain exceptions and limitations not applicable here, the Federal Rules of Evidence do not apply in the context of sentencing determinations.  See Fed. R. Evid. 1101(d)(3); United States v. Dass, 2002 U.S. App. LEXIS 6803 (3d Cir. 2002).  Rather, "[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy. "  U.S.S.G.  6A1.3(a).  See also United States v. Brothers, 75 F.3d 845, 848 (3d Cir. 1996) (applying the same standard specifically to hearsay).  Tate does not allege that the police report lacked sufficient indicia of reliability, and we find no support for such a conclusion in the record.

For the foregoing reasons, we will dismiss Tate's appeal in part and otherwise affirm the September 18, 2001 Judgment of the District Court.

_____

TO THE CLERK:
    Please file the foregoing Opinion.

BY THE COURT:

/s/ Jane R. Roth
Circuit Judge