UNITED STATES of America,

v.

Kenneth SHOUPE, Appellant.

No. 93–7399.

United States Court of Appeals, Third Circuit.

Argued May 3, 1994.

Decided Sept. 19, 1994.

D. Toni Byrd (Argued), Office of Federal Public Defender, Williamsport, PA, for appellant.

Barbara K. Whitaker (Argued) Office of U.S. Atty., Scranton, PA, for appellee.

---

Before: SCIRICA and ALITO, Circuit Judges and POLLAK, District Judge.*

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

This criminal appeal presents a narrow legal issue: whether a sentencing court may depart downward on a defendant's base offense level if the defendant's career offender status overrepresents his criminal history and likelihood of recidivism. In Kenneth Shoupe's previous appeal we held that under these circumstances a sentencing court may depart downward in the criminal history category. *See United States v. Shoupe*, 988 F.2d 440, 444–47 (3d Cir.1993) (*Shoupe II*) (vacating and remanding for resentencing in consideration of Sentencing Guideline § 4A1.3).[1] Because career offender status enhances both the criminal history and base offense level categories, we hold a sentencing court may also depart downward in the base offense level. Therefore, we will vacate defendant's sentence and remand for resentencing.

## I.

This is the third time we review Kenneth Shoupe's sentence. *See United States v. Shoupe*, 929 F.2d 116 (3d Cir.) (*Shoupe I*) (vacating and remanding for resentencing), *cert. denied*, —— U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991); *Shoupe II*, 988 F.2d 440.[2] On June 8, 1990, Shoupe pled guilty to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). Conviction on this count carries a base offense level of 12,[3] and Shoupe's criminal history level was V because of three prior convictions. Ordi-

narily, this combination results in a sentencing range of 21–27 months, *Shoupe I*, 929 F.2d at 122 n. 1 (Rosenn, J., dissenting), but Shoupe's previous felony convictions qualified him for an enhanced sentence under the sentencing guidelines' career offender provision, § 4B1.1.[4] Therefore, Shoupe's criminal history level increased from V to VI, his base offense level rose from 12 to 32, and his sentencing range increased to 168–210 months.

Before Shoupe's initial sentencing, defense counsel asked the court to depart below the guideline range, citing several mitigating factors including defendant's youth and immaturity at the time he committed the first two felonies, the short time span between those crimes,[5] and defendant's need to support his dependent child. *See Shoupe I*, 929 F.2d at 119. The district court agreed and, after reducing defendant's offense level to 22, the able and experienced district judge imposed a sentence of 84 months. *Id.*

We reversed on appeal. *Shoupe I*, 929 F.2d 116 (3d Cir.1991). Noting that the guidelines require district judges to impose sentences within the prescribed range "unless the court finds … an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission," we held the district court erred by departing from the prescribed range because the factors listed by the district court had been adequately considered by the Sentencing Commission. *Id.* at 120–21.

In a dissenting opinion, Judge Rosenn argued the majority did not consider § 4A1.3, a policy statement which expressly permits a sentencing court to depart from the guideline

---

* The Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. All citations to the Sentencing Guidelines refer to United States Sentencing Commission, *Guidelines Manual* (Nov.1993) (hereinafter U.S.S.G.).

2. For a full recitation of the facts, see *Shoupe I*, 929 F.2d at 118–19.

3. Shoupe's offense level was reduced by two for accepting responsibility for his crime.

4. Under § 4B1.1, a defendant qualifies for career offender status if "(1) the defendant was at least

eighteen years old at the time of the instant offense, (2) the instant offense or conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Career offender status automatically raises a defendant's criminal history level to VI, and increases the offense level by basing it on the maximum term of imprisonment allowable for the crime. *Id.*

5. Shoupe committed his first offense the day after his eighteenth birthday and the second offense eight months later.

range where the career offender provision overstates a defendant's criminal history.[6] Though not argued by the parties, Judge Rosenn maintained "the sentencing judge here, in effect, concluded that the career offender provision ... overrepresented the seriousness of Shoupe's criminal history," *id.* at 122 (Rosenn, J., dissenting), and concluded the departure should be affirmed because § 4A1.3 allows a sentencing court to apply the career offender provision flexibly, *id.*

Not surprisingly, Shoupe sought a downward departure on remand, claiming his career offender status overstated his criminal history and citing the same mitigating factors the district court had considered at his first sentencing. *Shoupe II,* 988 F.2d at 444. The district court interpreted our decision in *Shoupe I* as precluding it from considering those factors in a motion for downward departure. Therefore, it declined to depart from the prescribed sentencing range and sentenced Shoupe to a term of 168 months, the lowest sentence under the applicable range. *Id.*

On Shoupe's second appeal the government argued that the district court properly refused to depart from the guideline range because 18 U.S.C. § 3553(b) requires a court to impose a sentence within the range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b) (1988); *see also* U.S.S.G. § 5K2.0, p.s. (implementing 18 U.S.C. § 3553). We reversed and remanded, holding a court need not find that the Sentencing Commission failed to consider a factor in order to make a downward departure under § 4A1.3, *id.* at 447, since "the statutory au-

thority for promulgation of § 4A1.3 lies not in 18 U.S.C. § 3553(b), but in the basic provision of the Sentencing Reform Act that gives the Sentencing Commission the authority ... *to take into account, where relevant, the defendant's criminal background," id.* at 446.

On remand Shoupe asked the district court to make a downward departure under § 4A1.3 and sentence him without applying the career offender provision. The district court declined, believing our decisions in *Shoupe I* and *Shoupe II,* taken together, indicated that a downward departure was permissible only in the criminal history category, but not in the offense level. Therefore, the court reduced Shoupe's criminal history level from VI to III and, despite its belief that the reduced sentence "still over represents the offense in this case and the happenings that have occurred here," sentenced him to 120 months imprisonment. Shoupe now appeals for the third time.[7]

## II.

Despite Shoupe's previous appeals, the issue whether a sentencing court can depart downward in the offense level category under § 4A1.3 has not been decided previously in this case,[8] or in this circuit. Other courts of appeals, however, have unanimously held that a sentencing court can depart downward in the offense level where applying the career offender provision, § 4B1.1, misrepresents a defendant's criminal history.

The Court of Appeals for the Tenth Circuit ruled on this issue first in *United States v. Bowser,* 941 F.2d 1019, 1026 (10th Cir.1991). There, after selling crack cocaine to undercover FBI agents, the defendant was convicted on two counts of violating 21 U.S.C. § 841(a)(1). *Id.* at 1021. The defendant's conviction would normally have resulted in 81–114 months imprisonment, *id.* at 1023, but because he qualified for career offender sta-

---

**6.** Section 4A1.3 provides in part:

> If reliable information indicates that the criminal history category does not adequately reflect ... the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

As we noted in *Shoupe II,* "Although § 4A1.3 is a policy statement, rather than a guideline it is an 'authoritative guide' to district courts, and this court has applied it with the authority of a guideline." 988 F.2d at 442 n. 1.

**7.** We have jurisdiction under 28 U.S.C. § 1291. We apply plenary review to questions regarding the district court's ability to consider a downward departure. *United States v. Benish,* 5 F.3d 20, 26 (3d Cir.1993); *United States v. Higgins,* 967 F.2d 841, 844 (3d Cir.1992).

**8.** From our review of the briefs in *Shoupe I* and *Shoupe II,* it is clear that this issue was not presented previously. Because those cases did not face the issue we face here "[their] pronouncements are non-binding." *Shoupe II,* 988 F.2d at 446 n. 9.

tus the guidelines mandated a sentence of 262–326 months, *id.* When the sentencing court found that the defendant's "history of criminal conduct was significantly less serious than that of most defendants categorized as career offenders," *id.*, it departed from the guidelines and imposed a sentence within the range that would have applied absent the offense level and criminal history enhancement that resulted from his career offender status, *id.* at 1025.

The government appealed and the Tenth Circuit affirmed. Realizing that "the jump into the career offender category was done in one step," the court held the departure in both the offense level and criminal history categories was reasonable since the district court was only undoing the one step. *Id.* at 1026.

In *United States v. Reyes*, 8 F.3d 1379 (9th Cir.1993), the district court, citing § 4A1.3, disregarded the career offender enhancement and departed downward in both the criminal history and offense level categories. The Court of Appeals for the Ninth Circuit remanded for resentencing "[b]ecause the court failed to articulate its reasons for the degree of its departure." 8 F.3d at 1389. But the court made clear its position that § 4A1.3 permits departures in both the offense level and criminal history category, stating, "[t]he district court did not disregard the terms of section 4A1.3 or go against precedent on departures in viewing a departure from the career offender provisions as permissible even though it reduced the sentence more than a modification of only the criminal history category would warrant." *Id.* Accord, *United States v. Fletcher*, 15 F.3d 553, 556–57 (6th Cir.1994) (decrease in offense level to its original level is reasonable in departure under § 4A1.3); *United States v. Senior*, 935 F.2d 149, 151 (8th Cir.1991) (reasonable to apply guideline range which would have applied absent career offender status).

The Court of Appeals for the District of Columbia Circuit came to the same conclusion in *United States v. Clark*, 8 F.3d 839 (D.C.Cir.1993), after the sentencing court found the career offender provision overrepresented the defendant's criminal history.

The appeals court held "it was not arbitrary and capricious to base [the defendant's] sentence on the criminal history category and offense level that would have been applicable absent the career offender increases." 8 F.3d at 846.

In this case, the government concedes § 4A1.3 authorizes downward departures in the criminal history category, but argues it does not authorize departures in the offense level. The government's argument, however, ignores the nexus between criminal history and career offender status. Career offender status is a function of past crimes committed, *see supra* note 4, and, therefore, is a function of a defendant's criminal history. Because of this nexus a finding that a defendant's criminal history level does not reflect his past criminal conduct or likelihood of recidivism may also signify the defendant should not qualify for career offender status.

The Sentencing Commission recognized the imprecision inherent in criminal history classifications. *See* U.S.S.G. § 4A1.3, p.s., comment. (backg'd.) ("[T]he criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur."). It promulgated § 4A1.3 to give sentencing judges discretion to depart from the prescribed range where it misrepresents a defendant's criminal history or likelihood of recidivism. *See* § 4A1.3, p.s. Because career offender status enhances both a defendant's criminal history category and offense level, *id.*, a sentencing court may depart in both under the proper circumstances.

The government also argues that because § 4A1.3 only mentions downward departures in the criminal history category, it does not permit downward departures in the offense level. We disagree. The language makes clear that an overstated criminal history triggers departures under § 4A1.3, but does not make clear that such departures are limited to the criminal history category. Moreover, the government's argument ignores § 4A1.3's reference to upward departures in the offense level category. We believe this express reference to offense level departures indicates the Sentencing Commission intended § 4A1.3 to govern more than just departures in the criminal history category.

### III.

For the foregoing reasons, we join the other courts of appeals that have reviewed this issue and hold that, where a defendant's offense level has been augmented by the career offender provision, a sentencing court may depart downward in both the criminal history and offense level categories under § 4A1.3. The judgment of the district court will be vacated, and we will remand for further proceedings consistent with this opinion.[9]

ALITO, Circuit Judge, dissenting.

I cannot join the court's opinion because I believe that it is inconsistent with our two prior decisions in this case, *United States v. Shoupe*, 929 F.2d 116 (3d Cir.1991) ("*Shoupe I*"), and *United States v. Shoupe*, 988 F.2d 440 (3d Cir.1993) ("*Shoupe II*").

When the district court first sentenced the defendant in 1990, it granted a downward departure based on the following factors: the defendant's age and immaturity at the time of the first offenses counted for career-offender purposes, the time between his prior crimes, his alleged cooperation with the authorities in connection with those offenses, and his family responsibilities. The government appealed, and in *Shoupe I*, we reversed. We noted that under 18 U.S.C. § 3553(b) a sentencing court may not grant a departure " 'unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guideline that should result in a sentence different from that described.' " 929 F.2d at 119 (quoting 18 U.S.C. § 3553(b)). Concluding that all of the factors cited by the district court had been " 'adequately taken into consideration by the Sentencing Commission in formulating' the career offender guideline," 929 F.2d at 119–20 (quoting 18 U.S.C. § 3553(b)), we held that the district court's

downward departure was improper, and we remanded for resentencing.

On remand, the defendant again sought a downward departure based on many of the same mitigating factors considered in *Shoupe I.* The defendant argued that *Shoupe I*, while prohibiting a departure pursuant to 18 U.S.C. § 3553(b) and its implementing guideline (U.S.S.G. § 5K2.0), did not foreclose a departure pursuant to U.S.S.G. § 4A1.3, which permits a departure if a defendant's "criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or ·the likelihood that the · defendant will commit other crimes." The district court rejected this contention, holding that *Shoupe I* precluded such a departure based on the factors that the defendant cited.

In *Shoupe II*, however, our court reversed. The *Shoupe II* panel acknowledged that the defendant could not obtain a departure under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 based on the same factors considered in *Shoupe I.* But the *Shoupe II* panel drew a sharp distinction between, on the one hand, a departure under 18 U.S.S.G. § 3553(b) and U.S.S.G. 5K2.0 and, on the other hand, a departure under U.S.S.G. § 4A1.3. *See* 988 F.2d at 444–447. Among other things, the court noted that in U.S.S.G. § 4A1.3, "the Commission specifically provided district courts with flexibility to *adjust the criminal history category.*" 988 F.2d at 445 (emphasis added). The court further observed that a departure ·under Section 4A1.3 is "structurally" unlike a departure under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0. *Id.* When a departure is granted under Section 4A1.3, the court wrote, the sentencing judge must look to the sentencing range that would apply if the defendant's criminal history category were adjusted. *See id.* at n. 7. By contrast, the court stated, departures under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0 are relatively "unstructured." *Id.*

On remand, the district court reduced the defendant's criminal history category from

---

9. The government also argues that interpreting § 4A1.3 to permit downward departures will make surplusage of § 5K2.0, and of 18 U.S.C. § 3553(b), which it implements. This argument, however, is not convincing. We are only concerned here with the ability to depart from the prescribed offense level where the career offend-

er provision has improperly enhanced the offense level. In any other situation, our limited holding would not apply and a court may have to look to § 5K2.0 in order to make a downward departure. That issue, however, is not before us, and we, therefore, express no opinion on it.

VI to III and thus reduced his sentence from 168 months to 121 months. However, the district court concluded that *Shoupe I* and *Shoupe II* prohibited a reduction in the defendant's offense level based on the factors considered in *Shoupe I.*

Reviewing this decision, the majority now concludes that the district court erred in refusing to reduce the defendant's offense level as well as his criminal history category. The majority notes that the career-offender provision of the guidelines (U.S.S.G. § 4B1.1) increases both a defendant's offense level and criminal history category. The majority thus reasons that, if a defendant who falls within the career-offender guideline is eligible for a departure under U.S.S.G. § 4A1.3 because his criminal history category overrepresents the seriousness of his past criminal conduct or likelihood of recidivism, the defendant should be eligible for a reduction in both the offense level and a criminal history category. Assuming that the majority's approach is correct as a general proposition, I do not think that its use in this case can be reconciled with *Shoupe I* and *Shoupe II.*

*Shoupe I,* rightly or wrongly, held that, under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0, the defendant could not obtain a downward departure based on the factors cited by the district court. *Shoupe II,* rightly or wrongly, held that *Shoupe I* did not apply to a departure under U.S.S.G. § 4A1.3. The language of Section 4A1.3 seems quite clear in restricting such departures to changes in the criminal history category. Such departures are triggered when *"the criminal history category* does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3 (emphasis added). This provision adds:

> In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with *a higher or lower criminal history category,* as applicable.

*Id.* (emphasis added). Thus, I do not see how a Section 4A1.3 departure (as distinct from a departure under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0) can alter a defendant's offense level.

We are bound by *Shoupe I* and *Shoupe II* whether or not we think that they were correctly decided, and under those decisions, I think that the defendant has already received the only downward departure that is possible based on the factors in question. I would therefore affirm the judgment of the district court.