

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# USA v. Horne

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3479

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Horne" (2002). *2002 Decisions.* Paper 466.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/466

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3479


UNITED STATES OF AMERICA

v.

RICHARD HORNE,

Appellant.

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 99-cr-00213)
District Judge:  The Honorable A. Richard Caputo


Submitted Under Third Circuit LAR 34.1(a)
July 23, 2002

BEFORE: SLOVITER, NYGAARD, and BARRY, Circuit Judges.

(Filed: July 30, 2002)

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

Appellant, Richard Horne, contends that the sentencing court violated his Eighth Amendment right to be free from cruel and unusual punishment, when it sentenced him as a career offender to 84 months' incarceration for the delivery of one gram of crack cocaine.  We will affirm.

Most of the facts leading to Appellant's arrest and conviction are of importance to neither his argument nor our decision. So, we will omit them, except as are necessary to explain why we are affirming.  The Guideline sentence for Appellant's offense    selling one gram of crack cocaine    was 30 to 37 months.  He is, however, classified as a career offender because he had two uncontested predicate offenses involving drugs.  Horne does not challenge his career offender status.  But, because of the classification, the Guidelines call for an enhancement from 30-37 months, to 151-188 months, which he argues is both cruel and unusual.

In United States v. Shoupe, 35 F.3d 835 (3d Cir. 1994) we held that a District Court may depart downward on a defendant's base offense level if the defendant's career offender status over-represents his criminal history and likelihood of recidivism.   That is precisely what the District Court did in this case    it exercised its

discretion and lowered his criminal history category to V, and dropped the offense level to 23, indicating a range of 84 to 140 months. This decision is well within the considerable discretion given by the Guidelines to the District Court, and is not challenged by the government. The court sentenced him to 84 months of incarceration.

Finally, this sentence, lying at the absolute bottom of the range, does not offend the constitutional proscription of cruel and unusual punishments. The Eighth Amendment only prohibits a sentence that is grossly disproportionate to the severity of the crime. Solem v. Helm, 463 U.S. 277, 290 (1983). The District Court did all it was required to do and left this sentence within the constitutional range of proportionality.

In sum, for all of the foregoing reasons, and the reasons given by the District Court, we will affirm.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge
THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3479
_____

UNITED STATES OF AMERICA

v.

RICHARD HORNE,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 99-cr-00213)
District Judge:  The Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
July 23, 2002

BEFORE: SLOVITER, NYGAARD, and BARRY, Circuit Judges.

JUDGMENT


        This cause came to be considered on the record from the United States
District Court for the Middle District of Pennsylvania and was submitted pursuant to
Third Circuit LAR 34.1(a) on July 23, 2002.
        On consideration whereof, it is now here ORDERED AND ADJUDGED
by this Court that the judgment of the said District Court entered on August 30, 2001, be,
and the same is hereby affirmed.
        All of the above in accordance with the opinion of this Court.

                ATTEST:


                _____
                Acting Clerk


Dated: 30 July 200