

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2003

# USA v. Paulk

Precedential or Non-Precedential: Non-Precedential

Docket 02-2538

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Paulk" (2003). *2003 Decisions.* Paper 662.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/662

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-2538

UNITED STATES OF AMERICA

v.

SIMIAN PAULK,

Appellant

On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 01-cr-373-12 )
The Honorable Jerome B. Simandle, District Judge

Submitted Under Third Circuit LAR 34.1 (a)
April 1, 2003

Before: MCKEE, SMITH, and COWEN, <u>Circuit Judges</u>

(Filed: April 4, 2003)

_____

OPINION

_____

SMITH, <u>Circuit Judge</u>:

In this appeal, Appellant Simian Paulk argues that his criminal history category of

VI significantly over-represents the seriousness of his criminal history, and that the

District Court abused its discretion under the United States Sentencing Guidelines

(hereinafter "the Guidelines") when it denied his motion for downward departure pursuant to U.S.S.G. § 4A1.3 (2001) and sentenced him to 262 months of imprisonment.  Because the record makes clear that the District Court was aware of its authority under the Guidelines to depart downward, but exercised its discretion not to do so, we will dismiss Paulk's appeal for lack of jurisdiction.

Paulk pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base.[1]  The District Court determined that Paulk was a career offender pursuant to U.S.S.G. § 4B1.1, because he had two prior convictions for controlled substance offenses, and the instant offense was also a controlled substance offense.  Paulk contends that his designation as a "career offender" overstates the severity of his criminal history, and that the District Court should have departed downward.  To support his view, he cites *United States v. Shoupe*, 35 F.3d 835, 836 (3d Cir. 1994), where we held that a sentencing court may depart downward on both a defendant's offense level and criminal history designation if the defendant's "criminal offender" status overstates the severity of his criminal history and likelihood of recidivism.  As we recognized in *United States v. McQuilkin*, 97 F.3d 723 (3d Cir. 1996), the *Shoupe* decision was grounded in U.S.S.G. § 4A1.3, a policy statement which provides:  "If reliable information indicates that

---

[1]  Paulk and eleven co-defendants pled guilty to knowingly and intentionally conspiring and agreeing with one another and with others to distribute and to possess with intent to distribute controlled substances, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846.  Paulk himself pled guilty to conspiracy to distribute and possess with intent to distribute at least 150 grams but less than 500 grams of cocaine base.

the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guidelines range." U.S.S.G. § 4A1.3. The policy statement and *Shoupe* simply indicate that a district court may, but is not required to, grant a departure under such circumstances.

This Court lacks jurisdiction to entertain Paulk's appeal because the District Court properly exercised its discretion to deny Paulk's motion for a downward departure. Our jurisdiction to consider Paulk's argument that he is entitled to a downward departure based on over-representation of his criminal history category depends on the basis for the District Court's ruling. *United States v. Stevens*, 223 F.3d 239, 247 (3d Cir. 2000); *United States v. Denardi*, 892 F.2d 269, 271-72 (3d Cir. 1989). Where a district court's ruling is based on the court's belief that a departure on the grounds proffered by the appellant is largely impermissible, we have jurisdiction "to determine whether the district court's understanding of the law was correct." *Stevens*, 223 F.3d at 247 (citing *United States v. Mummert*, 34 F.3d 201, 205 (3d Cir. 1994)). We lack jurisdiction to review a refusal to depart downward when a district court, knowing it may do so, nonetheless determines that departure is not warranted. *Stevens*, 223 F.3d at 247; *McQuilkin*, 97 F.3d at 729l; *Denardi*, 892 F.2d at 272.

The District Court made clear that it understood its legal authority to depart downward under § 4A1.3, but determined that departure was not warranted. The Court stated that "I recognize that I have the ability to depart downward under § 4A1.3 if Category

3

VI overstates the defendant's criminal history," but declined to depart given that Paulk was a "career criminal drug dealer" who "lacks the ability to conform his behavior to law and [whose] chance of recidivism is great." This was a proper exercise of discretion and we lack jurisdiction to review Paulk's appeal.

For the foregoing reasons, the judgment of the District Court will be affirmed.

TO THE CLERK:
Please file the foregoing Opinion.

<u>/s/ D. Brooks Smith</u>
Circuit Judge

4