

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2003

# USA v. Carter

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Carter" (2003). *2003 Decisions.* Paper 132.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1385
_____

UNITED STATES OF AMERICA

v.

JAMES C. CARTER,

Appellant

_____

Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. No.: 02-cr-00011E
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a) October 22, 2003

Before: ALITO, FUENTES, and ROSENN, Circuit Judges

(Filed November 5, 2003)

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

On or about February 7, 2002, the petitioner, James C. Carter, while on state

parole, was arrested for a drug violation. A federal grand jury sitting in the Western

District of Pennsylvania returned a one-count indictment charging him with a violation of 21 U.S.S.G. §§ 841(a)(1) and 841(b)(1)(C) for the distribution of less than five grams of cocaine base (crack). Shortly after the appointment of counsel from the Federal Public Defender's Office, the petitioner entered a plea of not guilty before a Magistrate Judge. On October 15, 2002, the petitioner appeared before Senior United States District Judge Cohill and, pursuant to a written colloquy and plea agreement, formally changed his "not guilty" plea to a "guilty" plea. The court subsequently sentenced him and enhanced his criminal history category under "The Career Offender Act" because of two prior convictions, from Category IV to Category VI pursuant to U.S.S.G. § 4B1.1. This raised his total criminal history points and enhanced his sentence from 57-71 months to 151-188 months. Defendant timely appealed. We affirm.

I.

On appeal, the petitioner raises a single claim contending that, in the application of U.S.S.G. § 4A1.3, the District Court failed to rule on the defendant's argument that the career offender guideline over-represented the seriousness of the defendant's criminal history.

At the sentencing, the defendant requested the court to depart downward from the career offender guidelines pursuant to U.S.S.G. § 4A1.3 and United States v. Shoupe, 35 F.3d 835 (3d Cir. 1994). The defendant contended that the career offender guideline over-represented his criminal history because his prior convictions were merely sales of

very small amounts of drugs and did not involve any sort of violence. The District Court rejected the defendant's motion for a downward departure and sentenced him to a term of imprisonment of 151 months to be served consecutive to any term of imprisonment imposed for his violation of parole in the state court, followed by three years of supervised release.

## II.

The arrest of the defendant for the instant crime followed his sale of crack cocaine to a confidential informant for the Government in the sum of $800. Carter was arrested immediately after the confidential informant left his car and the $800 in official funds that previously had been given to the informant to make the purchase was recovered from Carter. The confidential informant provided the law enforcement officers with a chunk of crack cocaine which was later determined to weigh 4.4 grams.

The PSR detailed the defendant's six prior convictions for distributing extremely small amounts of cocaine. Five of the convictions were "related," as that term is defined in U.S.S.G. § 4A1.2(a)(2), for they occurred between December 1988 and February 1989. There were no intervening arrests and the court considered them as part of a single common scheme or plan of selling less than gram amounts of cocaine to an undercover police officer. Because these offenses were related, they were treated as one conviction for purposes of the guidelines. In the five cases combined, the defendant distributed approximately 8.3 grams of cocaine. These convictions, and the commission of a federal

offense within two years for unlawful delivery of 1.15 grams of cocaine in 1994, resulted in a total of nine criminal history points which placed the defendant in Category IV. His offense level, therefore, was 21 with a criminal history category of IV, resulting in the guideline imprisonment range of 57-71 months. The PSR concluded, however, that the defendant was a career offender pursuant to U.S.S.G. § 4B1.1 based on his two prior convictions for controlled substance offenses. The career offender guideline increased the defendant's base offense level to 32 which, when reduced by three levels for Carter's acceptance of responsibility, resulted in a criminal offense level of 29. The career offender guideline also automatically raised the defendant's criminal history category from IV to VI. This resulted in the guideline imprisonment range of 151-188 months.

In his motion for a downward departure based upon U.S.S.G. § 4A1.3, the defendant argued in the District Court that the career offender guideline over-represented the seriousness of his criminal history. He stressed the extremely small scale of his prior drug distribution convictions, which represented a total of about 9.45 grams of cocaine for $610. These were all street level deals that had been used to support Carter's own drug habit. The Government, however, objected to Carter's motion on two grounds. First, it argued that Carter had proven time and again that the likelihood of his committing crime in the future is great, and for this reason, the court should not downward depart. Second, the Government argued that while Carter's prior drug offenses involved distributing small amounts of cocaine, this did not justify a finding that the career

4

offender enhancement significantly over-represented Carter's criminal history.

At the sentencing, the defendant conceded that it was his recidivism that caused him to be a career offender in the first place. However, he emphasized that the career offender guideline over-represented the seriousness of his criminal history and that the guideline, written in the disjunctive, allows the District Court to depart downward if it determines that the criminal history category significantly over-represents either the defendant's criminal history or the likelihood of recidivism. In other words, he contends that even though he is a recidivist, the guidelines permits the District Court to depart downward if it determines that the criminal history category significantly over-represents the history of his prior crimes. In this court, he argues that the District Court refused to depart downward without making any disposition of his argument concerning his criminal history category.

The Government argued against the downward departure stressing the number of the defendant's prior convictions and that he had committed new offenses while on supervision for prior offenses. The Government argued that "the identity between each one of these crimes, not just the quantities but the identity of these crimes" and because he continued to commit offenses, even while under the court's supervision, indicated why he should not be relieved from the Category VI.

Thus, the issue is whether, based on the record as a whole, the District Court abused its discretion when it denied Carter's request for a downward departure under

U.S.S.G. § 4A1.3 and sentenced him as a career offender under U.S.S.G. § 4B1.1.

Responding to the District Court to the defendant's position with respect to the sentencing factors, the Government argued that Carter's criminal history did not significantly over-represent the seriousness of his long-standing criminal history involving the distribution of cocaine. The Government pointed to his six prior convictions in the Erie County Court for the unlawful delivery of cocaine and related offenses, the current conviction for unlawful delivery of cocaine, all demonstrating his recidivist propensities. Furthermore, some of these crimes were committed while he was on parole, including the present offense.

In the sentencing proceedings, the court took cognizance of the defendant's motion for a downward departure and specifically noted his contention "that the criminal history category over-represents the seriousness of his criminal history." Thomas W. Patton, counsel for the defendant, eloquently argued in support of defendant's motion for a downward departure, pointing out that five of the prior convictions were related and, therefore, treated as one offense in calculating defendant's prior history. He noted that none of the prior convictions involved any violence whatsoever, and that the defendant was "clearly a low-level drug dealer, a street-level dealer who is dealing to support a habit." Attorney Patton emphasized that the defendant's sales in all of his prior convictions aggregated less than 15 grams of cocaine base.

Patton specifically emphasized that § 4A1.3 is written in the disjunctive. He,

6

therefore, argued that this feature of the guidelines allowed the District Court to depart downward if it determines that the criminal history category significantly represents either the defendant's criminal history or the likelihood of recidivism. The Government argued to the contrary and the conflict in arguments squarely presented to the District Court the scope of the pertinent guidelines, especially the disjunctive feature of § 4A1.3.

In determining the sentence to be imposed, the District Court rejected the defendant's argument. It recognized that there may be cases where a court might conclude that a defendant's criminal history category significantly over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant would not commit further crimes. It concluded, however, that here Carter's history predicted that "it's very likely that he would commit further crimes." The District Court might have been more explicit in its oral imposition of sentence with respect to the guidelines but it is evident from reading the entire sentencing proceedings that the court rejected the plaintiff's arguments for a downward departure; its acceptance of a Category VI for the criminal history of the defendant was not an inadvertence. It found "that he does not meet the criteria set out in the sentencing guidelines and, thus, the offense level is properly at 29 and the criminal history category is VI."

It may be that we might have reached a different conclusion had we been the sentencing judge, but we do not perceive any error by the District Court in the exercise of its discretion. The judgment and sentence of the District Court is affirmed.

————————

TO THE CLERK:

Please file the foregoing opinion.

                                                 /s/ Max Rosenn, Circuit Judge