

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2005

# USA v. Davenport

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2643

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Davenport" (2005). *2005 Decisions*. Paper 1071.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1071

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2643

_____

UNITED STATES OF AMERICA,

Appellant

v.

JAMES WILBERT DAVENPORT,

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cr-00192)
District Judge: David C. Cercone

_____

Submitted under Third Circuit LAR 34.1(a)
January 10, 2005

BEFORE: ROTH and CHERTOFF*, <u>Circuit Judges</u>, and
RESTANI**, <u>Chief Judge</u>

(Opinion Filed June 3, 2005)

_____

   *This case was submitted to the panel of Judges Roth, Chertoff and Restani.  Judge
Chertoff resigned after submission, but before the filing of the opinion.  The decision is
filed by a quorum of the panel.   28 U.S.C. § 46(d).
   **Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

---

OPINION

---

**ROTH**, <u>Circuit Judge</u>:

This case is an appeal by James Davenport from a conviction and sentence, based on a conditional guilty plea, for possession with intent to distribute cocaine. Specifically, Davenport appeals from the District Court's denial of a motion to suppress evidence.

On appeal, Davenport presents two different arguments in support of suppression. The first is that the initial stop of Davenport on August 10, 2002 was not conducted in accordance with Pennsylvania law because the government did not show that the police officer's speedometer was accurate and thus did not demonstrate probable cause for stopping Davenport for a violation of the Pennsylvania Vehicle Code. Davenport's second argument is that the attempted stop and chase of Davenport on August 14, 2002 that resulted in the seizure and inventory of Davenport's car was conducted in violation of the Fourth Amendment. Specifically, Davenport argues, the police should not have opened the two cans, that ultimately were found to hold drugs, when conducting an inventory search of the seized vehicle.

This Court has jurisdiction over this appeal from a final judgment of conviction and sentence pursuant to 28 U.S.C. § 1291.

**I.  August 10, 2002 Stop**

Davenport's first argument is that the government did not prove that there was

2

probable cause for stopping him for a motor vehicle violation because they did not present the required evidence of the accuracy of the arresting officer's speedometer. Davenport argues that the Pennsylvania statute governing motor vehicle violations requires the officer to provide a certification of his speedometer. 75 Pa.C.S. § 3368(b). Because Davenport did not raise this argument to the court below, it is reviewed for plain error. Fed. R. Civ. P. 52(b).

Stopping a car and detaining its occupants is a seizure under the Fourth Amendment. United States v. Johnson, 63 F.3d 242, 245 (3d Cir. 1995). However, a stop to check a driver's license and registration is lawful when it is based on an articulable and reasonable suspicion that the driver has violated the law. Id. Under Pennsylvania law, an officer may stop a car when there are "articulable and reasonable grounds to suspect a violation of the Vehicle Code." 75 Pa.C.S. § 6308(b). Courts have held that this standard is analogous to a probable cause standard. Commonwealth v. Whitmyer, 668 A.2d 1113, 1116-17 (Pa. 1995). In other words, to effectuate a lawful stop of a vehicle, an officer is not required to prove an actual violation of Pennsylvania law, rather, the officer must only show probable cause for such a violation.

In this case, the arresting officer testified, and the lower court accepted, that he clocked Davenport for five-tenths of a mile going fifteen to twenty-five miles per hour over the speed limit. Davenport's argument that Pennsylvania law requires a certification of an officer's speedometer to prove a speeding violation under the Code may defeat a

3

conviction for speeding, but the issue here is whether the stop was lawful, i.e. whether the District Court was correct in concluding that the officer had probable cause to stop the vehicle. The District Court's conclusion that the officer's testimony regarding Davenport's speeding was credible is not plainly in error and the officer's testimony is a clear articulation of his reasonable grounds for stopping Davenport. Thus, the August 10, 2002 stop of Davenport was not unlawful and the denial of the motion to suppress will be affirmed.

## II. August 14, 2002 Stop

Davenport's second argument is that the vehicle that he was driving and then fled on August 14, 2002 was improperly searched. After Davenport fled the vehicle, it was towed and inventoried pursuant to police procedures. In the course of conducting the inventory, the police officer found two cans that revealed drugs when twisted. Davenport now argues that the officer's manipulation of these items goes beyond the purpose of an inventory search and, thus, the discovered drugs should have been suppressed.

Our review of the district court's legal conclusions is de novo. United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002). However, we will review the district court's factual findings for clear error. Id.

To conduct a lawful vehicle inventory search, the vehicle must lawfully be in police custody. United States v. Frank, 864 F.2d 992, 1001 (3d Cir. 1988). Davenport does not dispute that the police had lawful custody of his vehicle after he abandoned it. A

4

vehicle that is impounded and in police custody is subject to a warrantless inventory search. South Dakota v. Opperman, 428 U.S. 364 (1976). The police cannot conduct this search unfettered, but must search in good faith pursuant to standard or routine practices, written and unwritten. United States v. Salmon, 944 F.2d 1106, 1120 (3d Cir. 1991). The relevant police procedures manual was admitted before the District Court and provided that containers that are not locked or sealed should be opened to inspect for valuables, which would then be logged for safekeeping. The officer who conducted the inventory testified that the cans weighed inconsistent amounts, that the bottoms of the cans were not sealed, and that when he twisted the bottoms, he discovered the drugs. The fact that the officer was suspicious of the containers does not render the search unconstitutional. United States v. Frank, 864 F.2d 992, 1001 (3d Cir. 1988). Further, there is nothing to suggest that the District Court's factual findings regarding the containers, the officer's testimony, and the police procedures were clearly erroneous. Thus, the inventory was entirely consistent with police procedures and the search was not unconstitutional.

## III.    Davenport's Sentence

Subsequent to submission of this case, Davenport requested a remand to the District Court for resentencing pursuant to the Supreme Court's recent decision in United States v. Booker, 125 S.Ct. 738 (2005). As discussed above, Davenport's conviction was pursuant to a guilty plea, preserving his ability to appeal the District Court's suppression ruling. The plea agreement, while expressly reserving the right to appeal the suppression

ruling, does not include an express waiver of the right to appeal his sentence. Therefore, our recent holding that a defendant who has knowingly entered into a plea agreement is not entitled to resentencing under Booker does not apply, as the plea agreement in that case included an express waiver of appellate rights. United States v. Lockette, ___ F.3d ___, 2005 WL 1038937 (3d Cir. May 5, 2005).

The government argues that remand is not appropriate because the only issue at sentencing was whether Davenport was a career offender, a permissible judicial finding. See United States v. Ordaz, 398 F.3d 236 (3d Cir. 2005) (holding that a District Court's finding of prior convictions does not violate the Sixth Amendment, citing Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998)). Contrary to the Government's position, Davenport apparently requested a departure under United States v. Shoupe, 35 F.3d 835 (3d Cir.1994), contending that the career offender guidelines over-represented his criminal history. The District Court denied the departure on the basis that there was no legal precedent for such a departure from the Federal Guidelines. As this decision by the District Court is affected by the conclusion in Booker that the Federal Sentencing Guidelines are only advisory, this case will be remanded for resentencing.

Davenport's two challenges to his conviction are without merit, as the District Court's denial of the motion to suppress was not in error, and his judgment of conviction is affirmed. Davenport's sentence is reversed and remanded for resentencing consistent with Booker.

6