

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2006

# USA v. Henry

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Henry" (2006). *2006 Decisions.* Paper 346.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/346

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  05-4326

———————

UNITED STATES OF AMERICA

v.

ANDREW HENRY

Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 03-cr-00152
District Judge: Hon. William J. Nealon

———————

Submitted under Third Circuit LAR 34.1(a)
on July 14, 2006

Before: SMITH, WEIS, and ROTH, <u>Circuit Judges</u>

(Opinion Filed October 6, 2006)

———————

O P I N I O N

———————

**ROTH**, Circuit Judge:

Andrew Henry appeals the judgment of sentence imposed by the United States District Court for the Middle District of Pennsylvania.

## I.      Factual Background and Procedural History

As the facts are well known to the parties, we give only a brief description of the issues and procedural posture of the case.

On March 8, 2002, Andrew Henry was stopped by Edwardsville (Pennsylvania) police for failing to stop at a red light. A subsequent search of the car and occupants revealed a loaded 9-millimeter semi-automatic pistol and three baggies containing illegal drugs. Henry was arrested and released on bond. On June 17, 2003, a federal grand jury indicted Henry for possession of a firearm while being a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On March 25, 2004, a confidential informant told agents of the Pennsylvania Bureau of Narcotics Investigation and Drug Control that he could purchase crack cocaine from an individual known as "Turtle." The resulting sting operation ended with Turtle, who turned out to be Henry, selling the informant six grams of crack cocaine and being arrested with heroin and marijuana in his possession. On June 9, 2004, a federal grand jury returned a five-count superceding indictment against Henry that charged him with possession of a firearm while being a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count I); possession of marijuana and cocaine base, in violation of 21 U.S.C. §

2

844(a) (Count II); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 844(a)(1) (Count III); distribution and possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count IV); and possession of heroin and marijuana, in violation of 21 U.S.C. § 844(a), after three prior drug convictions became final pursuant to 21 U.S.C. § 851 (Count V).

On August 5, 2004, Henry pled guilty to Count IV of the indictment pursuant to a written plea agreement. The Presentence Report concluded that, because Henry met the criteria for the career offender designation in U.S.S.G. § 4B1.1, his Total Offense Level was 31 and his Criminal History Category was VI. This corresponded to a Guideline Range of 188-235 months.

On November 10, 2004, the District Court sentenced Henry to 188 months imprisonment. On August 10, 2005, we remanded the case for resentencing in light of the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005). On August 31, 2005, the District Court conducted the resentencing hearing and again sentenced Henry to 188 months. This appeal followed.

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."). We have jurisdiction under 28 U.S.C. § 1291. Also, we have jurisdiction to review the sentence for reasonableness pursuant to 18 U.S.C. § 3742(a)(1). *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). Henry has the

burden of demonstrating the unreasonableness of the sentence.  *Id.* at 332.

## III.    Discussion

### A.    Henry's Classification as a Career Offender[1]

On appeal, Henry challenges his placement in the career offender category pursuant to § 4B1.1 on the ground that one of the predicate convictions was both "relatively minor" and remote in time, and, therefore, the career offender designation overstates the seriousness of Henry's criminal history.  The District Court has discretion to depart downward in offense level and criminal history category where a career offender's formal criminal history misrepresents the defendant's actual criminal past and probability of recidivism.  *United States v. Shoupe*, 35 F.3d 835, 839 (3d Cir. 1994).

The predicate offense in question consists of the following:  On July 23, 1994, Henry was seen sitting naked in the middle of a road.  After telling the police that he was searching for the Lord and could not leave the area, he became physically combative with the officers.  The police were forced to use mace in their attempt to subdue Henry, who claimed that he had ingested acid.

To the extent that Henry argues that the District Court erred in refusing to depart downward based on the nature of the predicate conviction, we do not review a district court's discretionary decision not to depart from the Guidelines.  *Cooper*, 437 F.3d at

---

[1] Since we find that the career offender category applies to Henry and sets his Total Offense Level, the two-level enchantment for possession of a firearm challenged by Henry on appeal does not affect his sentence.  As such, the issue is moot.

332-33.  Henry argues, however, that as a part of our § 3553 review, we should find the

career offender classification to be unreasonable.  We will not, however, conflate this

unreviewable exercise of discretion with our examination of the District Court's

application of the § 3553 factors which we discuss below.

B.      **The Reasonableness of Henry's Sentence**

Henry claims that the District Court failed to articulate fully its consideration of

the 18 U.S.C. § 3553(a) sentencing factors.  For example, Henry points out that the

District Court failed to address 18 U.S.C. § 3553(a)(6), to wit, how a 188-month sentence

would avoid unwarranted sentence disparities.

Henry's assertions are not borne out in the record.  The sentencing transcripts

reveal that the District Court articulated and considered the § 3553(a) sentencing factors.

For example, the District Court noted that:

> [Henry's] history and his characteristics all fit within the comments in 18 United
> States Code, Section 3553, which the Court must consider in imposing the
> sentence.  Certainly the violence would make him a danger to the public.  The
> handgun, of course, would also constitute a threat to the public generally.  And
> while much of his problem has been or problems have been traced to drug use, his
> conduct has been very dangerous and very destructive.
>
> So that we have here significant involvement with drugs.  We have a combative
> attitude.  We have possession of handguns and we have one who, when released on
> bond, in essence, became a fugitive.

Moreover, the District Court does not have to mechanically recite every sentencing

factor.  *Cooper*, 437 F.3d at 329 ("Nor must a court discuss and make findings as to each

of the § 3553(a) factors if the record makes clear the court took the factors into account in

5

sentencing."). Consequently, the District Court's failure to recite § 3553(a)(6) does not render the sentence unreasonable since the record shows that the § 3553 factors were taken into account. As such, Henry's sentence is not unreasonable.

## IV.  Conclusion

For the reasons stated above, we will affirm the judgment of sentence of the District Court.