

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2008

# USA v. Taylor

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3627

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Taylor" (2008). *2008 Decisions.* Paper 1228.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1228

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3627

_____

UNITED STATES OF AMERICA

v.

JONATHAN TAYLOR,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00359-1)
District Judge:  Honorable James T. Giles

_____

Submitted Under Third Circuit LAR 34.1(a)
March 25, 2008

Before:  McKEE, RENDELL and TASHIMA*, Circuit Judges

(Filed: May 14, 2008)

_____

OPINION OF THE COURT

_____

RENDELL, *Circuit Judge.*

Jonathan Taylor appeals from his conviction for carjacking, carrying a firearm

_____

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

during and in relation to a crime of violence, and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 2119(1), 924(c), and 922(g), respectively, as well as his sentence of 240 months of imprisonment. He requests that we vacate his conviction and sentence and remand for a new trial or re-sentencing. For the reasons that follow, we will affirm the conviction and the sentence imposed by the District Court.

## I. Conviction

On appeal, Taylor argues that his conviction should be vacated both because the District Court denied his motion to suppress his confession and because the District Court failed to give his proposed jury instructions. We disagree. Because we write for the parties, we will recite only facts pertinent to this appeal.

### A. Motion to Suppress

Taylor contends that the District Court erred in admitting his confession to police. First, he argues that the District Court misunderstood the basis for his suppression motion. Second, he contends that his confession was coerced.[1]

We review the District Court's refusal to suppress the confession for clear error as to the underlying facts, but exercise plenary review as to issues of law. *United States v.*

---

[1]Taylor also claims that the District Court failed to properly limit its inquiry during cross-examination of him and questioned him regarding his conduct during the carjacking. This claim is meritless and does not warrant suppression. Federal Rule of Evidence 614 expressly authorizes district courts to "interrogate witnesses." Having taken the stand, Taylor subjected himself to such questioning.

*Inigo*, 925 F.2d 641, 656 (3d Cir. 1991).

Before trial, Taylor moved to suppress his confession because, he contended, the statement was not voluntary in that he was promised that, should he make a statement, he would receive medical care. At a hearing before the District Court, he testified that after a chase by the Philadelphia Police, he had been tackled, sprayed with mace, and kicked in the face. He claimed that he blacked out several times in the back of the police van and later that evening in his cell. Approximately six hours after his arrest, he was taken from his cell to an interrogation room by Detective James McCullough for an interview. He testified that he told McCullough he was in pain and was told he would be taken to the hospital once he stated to McCullough what had happened. He also said that another officer came in and grabbed him by his collar and told him he would be taken to the hospital if he explained what had happened. The following morning, Taylor was taken to the hospital to be examined and x-rayed; he was treated for bruises and given pain medication. Although he claimed to have told the doctors that he had blacked-out, the medical record does not mention it.

Detective McCullough testified that he went to Taylor's cell to inform him of the charges that would be brought against him. He said that when Taylor was told that he was to be charged with pointing a gun at the police, he denied having done so. Taylor then agreed to come to an interrogation room where McCullough read him his rights and took down his statement. McCullough testified that he noticed that Taylor had a bruise

3

under his eye and a mark on his cheek, but that Taylor did not appear to be in pain or ask for medicine or to see a doctor. He stated that he did not tell Taylor that he would not receive medical care unless he confessed or that he would receive medical care if he did. The Court credited McCullough's testimony, not Taylor's, and denied the suppression motion.

Taylor argues that the District Court mistakenly believed that he objected to the statement on the ground that he was physically incapable of comprehending his waiver of constitutional privileges. Nothing in the record supports his proposition. Near the beginning of the hearing, the District Court stated that "[t]he issue is whether or not he was, in any way, *promised anything special or coerced* in any way so as to cause him to make a statement." App. Vol. II 8 (emphasis added). Thus, the District Court properly understood his objection.

We find no error in the District Court's denial of Taylor's motion for suppression. We have noted that clear error will rarely be found when a District Court's determination about the credibility of witnesses is supported by testimony that is coherent, plausible, internally consistent, and not contradicted by external evidence. *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997) (*citing Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)). Here, there was conflicting testimony between the defendant and Detective McCullough. In rendering its decision, the District Court credited the testimony of Detective McCullough and found Taylor to be incredible. The District

4

Court found that McCullough "did nothing to cause Mr. Taylor to make the statement that he made, and that there was no promise or need to promise Mr. Taylor anything under the circumstances because there was no apparent need, no apparent medical emergency, and there was no request by Mr. Taylor for medical assistance." App. Vol. II 77-78. The District Court did not commit error in denying Taylor's suppression motion.

### B. Jury Instruction

Taylor also argues that the District Court erred in declining to deliver his proposed jury instruction for the conditional intent required for a carjacking conviction. He contends that the instruction used by the Court set forth neither the required mens rea nor the defense's position as to conditional intent. We disagree.

We exercise plenary review in determining "whether the jury instructions stated the proper legal standard." *United States v. Leahy*, 445 F.3d 634, 643 (3d Cir. 2006). We review the refusal to give a particular instruction or wording of instructions for abuse of discretion. *Id*. Reversal is required only when the proposed instruction was "correct, not substantially covered by the instructions given, and so consequential that the refusal to give the instruction was prejudicial to the defendant." *Id*. at 651.

For a conviction under 18 U.S.C. § 2119, the Government must prove beyond a reasonable doubt that the defendant "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or

5

intimidation." *United States v. Applewhaite*, 195 F.3d 679, 685 (3d Cir. 1999). As the Supreme Court has said, "in a carjacking case in which the driver surrendered or otherwise lost control over his car without the defendant attempting to inflict, or actually inflicting, serious bodily harm, Congress' inclusion of the intent element requires the government to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver *if that action had been necessary* to complete the taking of the car." *Holloway v. United States*, 526 U.S. 1, 11-12 (1999) (emphasis added). In Taylor's case, the Government was required to prove that his intent was conditional.

Here, the District Court provided clear and repeated instructions on conditional intent that properly instructed the jury as to the standard. Although the District Court refused to give the defendant's proposed version of the instruction, the Court stated the key point of the defense theory numerous times and in several different ways. For instance, the District Court instructed the jury that the evidence "has to show [that] the defendant had the intention of causing death or serious bodily injury if it was necessary to take the car. If the evidence in the case falls short of that, then the government hasn't met its burden of proof." App. Vol. IV 293. The Court stated the proper legal standard and did not abuse its discretion in declining to deliver Taylor's proposed instruction. Taylor's argument that the Court erred in its instructions to the jury therefore fails.

## II. Sentence

Taylor advances two arguments regarding his sentence: (1) that the District Court misapprehended its authority to depart downward from the career offender guidelines and (2) that it failed to address and articulate all of the 18 U.S.C. § 3553(a) factors in imposing the sentence.

At sentencing, Taylor moved for a downward variance from the career offender guidelines to a sentence of "ten [years] plus something on top of that." App. Vol. II 105. The District Court initially stated that it did not have the authority to grant a downward departure. *Id.* at 109-10. It mistakenly stated that it could not depart downward as to the career offender guideline because of "lack of jurisdiction." *Id.* at 110. The Court decided there was no merit to Taylor's argument because "the mere fact that the offenses in the past were committed–separate offenses were committed close together, does not make them a single offense. They are two separate offenses, and they count the same." *Id.* at 109. Subsequently, government counsel informed the District Court that it had the authority and discretion to depart downward from the career offender guidelines under *United States v. Shoupe*, 35 F.3d 835 (3d Cir. 1994). The District Court corrected itself, saying, "what I found was that even if I had authority, [i]t would not be proper." App. Vol. II 114. "[B]ecause logically, two crimes are two crimes", it explained, "[t]he only fairness is to say the two crimes were two separate crimes. That's why I would not exercise the discretion." *Id.* at 114-15. Given the correction, the District Court

7

committed no error in refusing to depart downward from the career offender guideline.

Having found no procedural error in the District Court's decision not to depart downward from the career offender guideline, we review the overall sentence for reasonableness. *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2006) (en banc) (*citing United States v. Booker*, 543 U.S. 220, 260-63 (2005)). Contrary to Taylor's assertions, the record establishes that the District Court properly considered the factors found in 18 U.S.C. § 3553(a), complying with this Court's decision in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006). Its meaningful consideration of those factors led it to impose a sentence thirty-one months below the bottom of the applicable guideline range. Accordingly, the sentence imposed was reasonable, and Taylor's challenge to his sentence fails.

### III.  Conclusion

For these reasons, we will uphold the jury's verdict, and we will affirm the sentence imposed by the District Court.

8