

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2007

# USA v. Bonner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2712

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Bonner" (2007). *2007 Decisions.* Paper 556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2712

———————

UNITED STATES OF AMERICA

v.

KEVIN ALAN BONNER,

Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 05-cr-00069)
District Judge: Hon. Arthur J. Schwab

———————

Submitted under Third Circuit LAR 34.1(a)
on May 18, 2007

Before: FISHER and ROTH, <u>Circuit Judges</u>
RAMBO*, <u>District Judge</u>

(Opinion filed : August 22, 2007)

———————

*Judge Sylvia H. Rambo, United States District Judge, for the Middle District of
Pennsylvania, sitting by designation.

OPINION

**ROTH**, Circuit Judge:

Kevin Alan Bonner appeals his judgment of sentence on the ground that the District Court failed to rule on his motion for downward departure. Bonner contends that the failure to rule on this motion was a prejudicial procedural error affecting his sentence.

## I. Factual and Procedural History

On May 23, 2003, Bonner was arrested for the possession of more than five grams of crack cocaine and selling this crack cocaine at a local bar. Bonner pleaded guilty on February 3, 2006, to one count of possession with intent to distribute and distribution of five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). This was not Bonner's first conviction of a drug offense. In a span of two years, between 1992 and 1994, Bonner was convicted of six drug related offenses. He pleaded guilty to all of those charges in a single consolidated plea and sentencing hearing.

Under U.S.S.G. § 2D1.1, Bonner's instant offense carries an adjusted offense level of 23, and an advisory guidelines sentence of 84 to 105 months. The mandatory minimum sentence for Bonner's violation of § 841(a)(1) is 120 months. Because of his previous convictions, Bonner qualified as a career offender with a category VI criminal history under U.S.S.G. § 4B1.1. This status increased the offense level to 34, resulting in a guidelines sentence of 262 to 327 months.

Before sentencing, Bonner requested a downward departure arguing that his criminal history was overstated. Bonner also asked the court to consider the 100-to-1 crack to powder cocaine sentencing disparity in imposing a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

In its written memorandum setting forth its tentative findings and rulings, the District Court agreed that Bonner's his criminal history was "at least somewhat overstated within the meaning of *Shoupe* [35 F.3d 835 (3d Cir. 1994)]."

At the sentencing hearing, after hearing arguments from both sides regarding Bonner's status as a career offender and motion for downward departure, the District Court imposed a sentence of 180 months. In regard to Bonner's criminal history and to the § 3553(a) elements, the court stated:

> The Court deems that the low end of the advisory guideline range, 262 months, to be excessive, as does the Probation Office under all the circumstances, including the amount of drugs involved in the previous convictions, the fact that his designation as a career offender while accurate under the guidelines somewhat exaggerates his criminal history to some extent since the offenses, qualifying offenses, occurred in a relatively short period and he was sentenced in one proceeding over 11 years ago.

In addition, the court reasoned that Bonner's age had a bearing on the unlikelihood of his presenting a danger to the community after serving a sentence of 180 months. The District Court, however, did not explicitly rule on Bonner's request for downward departure at this time. Bonner timely filed an appeal to this Court.[1]

---

[1]We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

## II. Analysis

Our precedents, following *United States v. Booker*, 543 U.S. 220 (2005), instruct district courts to follow a three-step sentencing process in determining an appropriate sentence to impose. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). First, a district court must calculate a defendant's guidelines sentence precisely as it would have before *Booker*. Second, a district court must formally rule on the motions of the parties and state on the record whether it is granting a departure and how that departure affects the guidelines calculation, taking into account our pre-*Booker* case law which continues to have an advisory force. Third, a district court is required to exercise its discretion by considering all relevant § 3553(a) factors in setting a sentence.

Bonner contends that the District Court, by not formally ruling on his motion for departure, did not properly follow step two of this sentencing process. Further, Bonner alleges that this failure to expressly state whether the court granted departure and its effect on the advisory sentence calculation makes it impossible to determine the consistency and reasonableness of Bonner's sentence. Both Bonner and the government express the belief that the record reveals that the District Court did grant Bonner's motion for downward departure, even though the court did not formally rule on Bonner's motion or state how this departure affected Bonner's sentence.

We agree that the granting of the motion for downward departure is implied by the sentence imposed which falls considerably below the guidelines' range. In its preliminary consideration of the objections to the Presentence Report and at the sentencing hearing, the

4

District Court expressed its concern that the criminal history was overstated.  Although we urge the district courts to fully explain their consideration of and rulings on motions to depart, we  will consider the failure to rule on the motion to be a *de facto* granting of the motion in view of the views expressed by the District Court and the imposition of a sentence which falls considerably below the guideline range. *Accord United States v. Colon*, 474 F.3d 95, 99 n.8 (3d Cir. 2007) (considering a failure of District Court to make a departure from the guidelines at step 2 to be a *de facto* denial of the motion for departure).

Moreover, the record shows that the District Court considered the § 3553(a) factors including the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available for the offense, the sentencing guidelines range adopted by the United States Sentencing Commission, and any applicable policy statements to avoid unwarranted sentence disparities.  Therefore, applying  a deferential standard of review, we conclude that the District Court reasonably considered the motion to depart and applied the required factors in sentencing Bonner to 180 months in prison. *See United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006).

## IV.  <u>Conclusion</u>

For the reasons set forth above, we will **affirm** the District Court's judgment of sentence.