**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4202
_____

UNITED STATES OF AMERICA

v.

KEVIN ALAN BONNER,
                                        Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-05-cr-00069-001)
District Judge: Hon. Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2013
_____

Before: HARDIMAN, SHWARTZ, and SCIRICA, Circuit Judges.

(Filed: November 21, 2013)
_____

OPINION
_____

SHWARTZ, Circuit Judge.

Kevin Bonner appeals the District Court's order denying his motion for a

reduction of his sentence under 18 U.S.C. § 3582(c)(2). He contends he is entitled to a

downward adjustment based on Amendment 706 to the U.S. Sentencing Guidelines.

Because he was not sentenced based on the guideline governed by Amendment 706, he is not entitled to such a reduction and we will therefore affirm.

I.

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. Local police officers arrested Bonner after receiving a tip stating that he had been selling crack cocaine at a bar and subsequently discovering crack cocaine, powder cocaine, and $2,207 in Bonner's pockets. Presentence Investigation Report ("P.S.R.") ¶ 5. A grand jury returned a one-count indictment against Bonner, charging him with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). P.S.R. ¶ 2. Bonner pleaded guilty. P.S.R. ¶ 4.

Using the 2005 edition of the Sentencing Guidelines Manual,[1] the Probation Office examined the Drug Quantity Table under U.S.S.G. § 2D1.1(c)(7) and Bonner's criminal history and determined that he qualified as a "career offender" under U.S.S.G. § 4B1.1. P.S.R. ¶¶ 10-19. Because of his "career offender" status, Bonner's Guidelines imprisonment range was 262 to 327 months.[2] The District Court found that Bonner's career offender status "somewhat exaggerate[d] his criminal history," granted a

---

[1] The parties disagree about which Guidelines manual governs Bonner's sentence, but this appeal is not affected by this issue.

[2] In the absence of the "career offender" designation, Bonner's Guidelines range would have been 84 to 105 months, but because of the amount of crack cocaine involved, he faced a statutory mandatory minimum of 120 months' imprisonment. P.S.R. ¶¶ 18, 31; see U.S.S.G. § 5A.

downward departure, and sentenced Bonner to a prison term of 180 months, which it noted was "substantially below the minimum provided for in the guidelines." App. 80-81. We affirmed that sentence. United States v. Bonner, 238 F. App'x 871 (3d Cir. 2007) (not precedential). On October 28, 2011, Bonner moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) in light of the Sentencing Commission's retroactive reduction of the crack cocaine-related base offense levels. See U.S.S.G. app. C, amend. 706 (Nov. 1, 2007); U.S.S.G. app. C, amend. 713 (May 1, 2008). The District Court denied that motion and this appeal followed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's determination concerning Bonner's ineligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) and its interpretation of the Sentencing Guidelines is de novo. United States v. Flemming (Flemming II), 617 F.3d 252, 257 (3d Cir. 2010).

## III.

A district court generally cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction pursuant to 18 U.S.C. § 3582(c). Section 3582(c)(2) [3] allows for a reduction if: (1) the sentence was "based on a sentencing

_____

[3] The full text of 18 U.S.C. § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own

3

range that has subsequently been lowered by the Sentencing Commission"; and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming (Flemming III), 723 F.3d 407, 410 (3d Cir. 2013); Flemming II, 617 F.3d at 257. Bonner satisfies neither criterion.

## A.

In support of his request for a sentence reduction, Bonner relies on Amendment 706, which generally reduced by two the base offense levels for crack cocaine offenses under § 2D1.1. U.S.S.G. app. C, amend. 706 (Nov. 1, 2007); see United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Bonner's sentence, however, was not based upon § 2D1.1. Rather, Bonner was sentenced based on the career offender guideline set forth in § 4B1.1. App. 3 ("Here, Defendant's initial sentence was 'based on' a sentencing range reflecting his status as a 'career offender' and not based upon the guidelines that were subsequently modified to reflect the disparity between crack and powder cocaine." (emphasis in original)).[4] The District Court's focus at sentencing was on Bonner's actual

motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

[4] By contrast, in United States v. Stratton, No. 99-326, 2009 WL 506365 (E.D. Pa. Feb. 27, 2009), a case on which Bonner relies, the District Court determined that its sentence had been "based on" § 2D1.1 only after explicitly stating that it had looked to and relied on § 2D1.1 in determining the extent of its departure downward from the § 4B1.1 career offender range. Id., at *5. As more fully explained in Part II.B., however, the Stratton court may have reached a different conclusion if Amendment 759 to the Sentencing Guidelines had existed at the time of Stratton's sentencing.

criminal history and its interplay with a strict application of § 4B1.1's career offender guideline, not U.S.S.G. § 2D1.1.[5] A crack cocaine offender, like Bonner, whose sentence is determined based upon § 4B1.1 is not one whose sentencing range is based on or subsequently lowered by Amendment 706. Mateo, 560 F.3d at 155. Because Bonner was not sentenced based upon a subsequently lowered sentencing guideline, he fails to meet the first § 3582(c)(2) criterion.[6]

### B.

Bonner also fails to meet § 3582(c)(2)'s second criterion, as a reduction in his sentence would not be "consistent with applicable policy statements issued by the Sentencing Commission." The relevant "applicable policy statement[]" makes clear that a reduction in a sentence following a retroactive Guidelines amendment is inconsistent with the Commission's policy statements unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, the "question here is whether amendments to the . . . guidelines . . . have the effect of lowering the 'applicable guideline range' of a defendant subject to the career offender

---

[5] Although the court referred to the 100-to-1 crack-to-powder cocaine disparity in its Tentative Findings and at sentencing it noted that the 180-month sentence it imposed was "obviously 60 months greater than the [120-month] statutory minimum" Bonner faced, App. 81, neither statement demonstrates that § 2D1.1 was the basis for the District Court's sentence.

[6] Contrary to Bonner's arguments, Freeman v. United States, 131 S. Ct. 2685 (2011), does not affect the analysis. Justice Sotomayor's concurring opinion, which this Court has held is controlling, does not change the fact that "[t]o meet the first condition of § 3582(c)(2), a defendant's sentence must be based on the actual, calculated Guidelines range upon which the district court relied at sentencing." United States v. Thompson, 682 F.3d 285, 290 (3d Cir. 2012).

5

designation, but who received a downward departure . . . ." Flemming III, 723 F.3d at 410.

Amendment 759 defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A); see U.S.S.G. app. C, amend. 759 (Nov. 1, 2011); see also U.S.S.G. § 1B1.10 cmt. n.6 (requiring courts to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)"). As in Flemming III, "the 'applicable guideline range' . . . [for Bonner] is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance." 723 F.3d at 412. The fact that Bonner received a downward departure from the applicable career offender guideline does not change the sentencing guideline under which his sentence was calculated. See id.

In short, the amendments to the Sentencing Guidelines that lowered the crack cocaine range did not have "the effect of lowering [Bonner's] applicable guideline range," Mateo, 560 F.3d at 155, because Bonner's "applicable guideline range" was the range set by the career offender guideline, § 4B1.1, prior to any departure or variance. For this additional reason, Bonner is not entitled to a reduction under § 3582(c)(2).

IV.

For the foregoing reasons, we will affirm the District Court's denial of Bonner's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).